[Cite as *State v. Robinson*, 2010-Ohio-2698.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   09 MO 6 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| TERRY ROBINSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
Court, Case No. CR 2006-170.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney L. Kent Riethmiller
Prosecuting Attorney
101 North Main Street, Room 15
P.O. Box 430
Woodsfield, Ohio  43793

For Defendant-Appellant:      Terry Robinson, *Pro se*
#576-964
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio  43724

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  June 14, 2010

VUKOVICH, P.J.

¶{1}   Defendant-appellant Terry Robinson appeals the decision of the Monroe County Common Pleas Court denying his petition for post-conviction relief without holding an evidentiary hearing.  The issue raised in this appeal is whether the trial court erred in determining that the petition for post-conviction relief was untimely without holding an evidentiary hearing.  For the reasons expressed below, the judgment of the trial court denying the petition as untimely without holding an evidentiary hearing is hereby affirmed.

## STATEMENT OF THE CASE

¶{2}   Robinson was indicted for aggravated possession of drugs (exceeding bulk amount) in violation of R.C. 2925.11, a third degree felony, and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor. 06/13/06 Indictment.  The aggravated possession of drugs charge was the result of a May 24, 2006 incident where Robinson was found with 62 pills of Percocet (throughout the filings Percocet and Oxycodone are used interchangeably).  Robinson pled guilty to the possession of drugs charge and was sentenced to three years.  03/13/08 Plea; 04/115/08 Sentencing.  Robinson did not appeal the conviction or sentence.

¶{3}   On June 12, 2009, Robinson filed a petition for post-conviction relief claiming that there was newly discovered evidence.  He claimed that the newly discovered evidence was prescription records from Rite Aid Pharmacy in Woodsfield, Ohio showing that in July 2005 he had two prescriptions of Oxycodone filled for a total of 90 pills.  Thus, he asserted that the Oxycodone that he was charged with having in his possession was from a legal prescription and, as such, he could not be guilty of the offense.

¶{4}   The state responded to the petition asserting that it was untimely and that the prescription record cannot be considered newly discovered evidence per R.C. 2953.23(A)(1)(a) because he was not unavoidably prevented from discovering his own prescription records.  06/19/09 State's Response.

¶{5}   On June 23, 2009, the trial court denied the petition for post-conviction relief finding that it was untimely and that there was no merit with the newly discovered evidence claim.  06/23/09 J.E.

¶{6} Robinson did not appeal that decision until October 5, 2009. However, the appeal was deemed timely because the Clerk of Court's docket did not contain an indication that it was served on Robinson. 12/18/09 J.E.

<u>ASSIGNMENT OF ERROR</u>

¶{7} "TRIAL COURT ABUSED THEIR [SIC] DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING UPON NEWLY DISCOVERED EVIDENCE PURSUANT TO R.C. 2953.23."

¶{8} As aforementioned, the trial court found that the petition was untimely and lacked merit. The trial court did not hold an evidentiary hearing prior to making that holding. Robinson finds fault with the trial court's decision and the lack of an evidentiary hearing.

¶{9} R.C. 2953.21(A)(2) states that unless otherwise provided in R.C. 2953.23, if no appeal is taken, the petition for post-conviction relief shall not be filed later than 180 days after the expiration of the time for filing an appeal.

¶{10} R.C. 2953.23 provides:

¶{11} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

¶{12} "(1) Both of the following apply:

¶{13} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

¶{14} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

¶{15} Clearly, the petition was filed after the time limit in R.C. 2953.21. Therefore, the only way it could be deemed timely is if R.C. 2953.23(A)(1) is applicable. Pursuant to that statute, the only applicable test to the arguments presented is that Robinson was unavoidably prevented from discovering the new evidence **and** presented clear and convincing evidence that if a reasonable factfinder had considered the newly discovered evidence, he would not have been found guilty.

¶{16} Starting with the first prong of that test, Robinson argued in the petition and argues in this appeal that he was unavoidably prevented from discovering the Woodsfield Rite Aid Pharmacy's records that he claims entitles him to relief. We find no merit with his argument. As the state points out, it is Robinson's own medical records he is claiming to have been unavoidably prevented from discovering. His position is illogical. He was and is in the best position to know his medical history and whether he had a legal prescription for Percocet/Oxycodone at the time he was arrested and indicted.

¶{17} However, even if it could be concluded that he could have somehow been prevented from discovering his own pharmacy records, such a claim is not supported by the record. In preparing for trial, the state deposed Sandra Poole. She was Robinson's girlfriend and was with him when he was arrested. Her testimony explained that she was with Robinson when he purchased Percocet/Oxycodone from Robin McLester and that his last purchase before the May 24, 2006 arrest was a couple days prior to that. (Tr. 17-18). In her testimony, Poole discussed the fact that Robinson did have legal prescriptions for Percocet/Oxycodone. On both direct and cross examination, she explained that he had prescriptions filled at many locations and one of those locations that she testified about was Rite Aid Pharmacy in Woodsfield. (Tr. 32, 41). Given the information that was provided during her testimony, it is clear that Robinson, if not already aware, was put on notice that he had prescriptions filled at many locations including the Rite Aid Pharmacy in Woodsfield. Thus, considering that the information was available for him to look into prior to entering his plea, he cannot claim that he was unavoidably prevented from discovering the prescriptions filled in 2005 at the Rite Aid Pharmacy in Woodsfield.

¶{18} Therefore, for those reasons, the trial court correctly determined that there was no merit with Robinson's claim of newly discovered evidence. Or in other words, Robinson failed to meet the first prong under R.C. 2953.23(A) that he was "unavoidably prevented" from discovering the alleged new evidence.

¶{19} Furthermore, due to the untimeliness of the petition, by the clear language of R.C. 2953.23, the trial court was not permitted to entertain the petition. Thus, it was not required to hold an evidentiary hearing. *State v. Foster*, 10th Dist. No. 09AP-227, 2009-Ohio-5202, ¶8.

¶{20} Having disposed of the argument concerning newly discovered evidence, we note that in the appellate brief in addition to arguing that the trial court should have had a hearing on his contention that there was new evidence, Robinson asserts that counsel was ineffective for failing to obtain the prescription record from Rite Aid (the new evidence). He claims to have made this ineffective assistance of counsel argument to the trial court in his petition for post-conviction relief.

¶{21} While the argument of newly discovered evidence was clearly made in the post-conviction petition, that petition does not contain an argument that counsel was ineffective for failing to discover the evidence. Since this argument was not raised to the trial court, it will not be addressed by this court; new arguments will not be considered for the first time on appeal. *State v. Garrett*, 7th Dist. No. 06BE67, 2007-Ohio-7212, ¶8. See, also, *State v. Zamora,* 3d Dist. No. 11-08-04, 2008-Ohio-4410, ¶26 (stating that an appellate court can only address those arguments presented to the trial court in the original petition for post-conviction relief. Therefore, any new arguments cannot be considered for the first time on appeal.) *State v. Sheet*s, 4th Dist. No. 03CA24, 2005-Ohio-803, ¶29; *State v. Bandell* (Apr. 9, 1997), 9th Dist. No. 96CA006524. In conclusion, appellant's sole assignment of error lacks merit.

¶{22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.