[Cite as *State v. Bryant*, 2010-Ohio-4401.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

|                        |   |                        |
|------------------------|---|------------------------|
| STATE OF OHIO,         | ) |                        |
|                        | ) |                        |
| PLAINTIFF-APPELLEE,    | ) |                        |
|                        | ) |                        |
| VS.                    | ) | CASE NO. 10-MA-11      |
|                        | ) |                        |
| WILLIAM BRYANT,        | ) | OPINION                |
|                        | ) |                        |
| DEFENDANT-APPELLANT.   | ) |                        |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 98CR89

JUDGMENT:                        Affirmed

APPEARANCES:
For Plaintiff-Appellee           Paul Gains
                                 Prosecutor
                                 Ralph M. Rivera
                                 Assistant Prosecutor
                                 21 W. Boardman St., 6th Floor
                                 Youngstown, Ohio 44503-1426

For Defendant-Appellant          William Bryant, pro-se
                                 #375-771
                                 P.O. Box 8107
                                 Mansfield, Ohio 44901

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                 Dated: September 13, 2010

[Cite as *State v. Bryant*, 2010-Ohio-4401.]
DONOFRIO, J.

{¶1} Defendant-appellant William Bryant appeals a decision of the Mahoning County Common Pleas Court denying his second, successive petition for postconviction relief. He argues that his sentence is void because the jury verdict form did not state the degree of offense in violation of R.C. 2945.75(A)(2) and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

{¶2} Bryant had an approximately nine year relationship with Jeanette Thomas (hereinafter "Thomas").[1] The couple lived together in Thomas' house and, on occasion, fought. On January 2, 1998, a 911 call was placed from Thomas' address. In that phone call, Thomas screamed that Bryant was killing her. The dispatcher contacted the police and informed them of a stabbing in progress at Thomas' address. Upon arrival, the officers found Thomas in the bedroom unconscious.

{¶3} Thomas suffered two main patterns of injury. There were multiple stab wounds; five in her back and one in her left side. A knife blade was sticking out of her back and a knife was sticking out of her side. Thomas also suffered fourteen blunt impact injuries to her head and one blunt impact injury to her back with a curved pattern causing fractures, brain damage and bleeding. A ball peen hammer with the handle broken off was found next to her body. Thomas died at the hospital and the coroner pronounced her death to be a homicide.

{¶4} Approximately half an hour later, Bryant placed a 911 call from his sister's home asking about Thomas' condition. He said he had been in a fight with Thomas and that he wanted to turn himself in. When officers arrived, Bryant came out of the house with blood on his pants and jacket and was arrested and Mirandized.

{¶5} Before Bryant was questioned by the police at the station he was Mirandized again. During that videotaped questioning Bryant was cooperative and gave a written statement. He claimed his actions were in self defense because of the following events: While lying in bed together, Thomas, who was high on cocaine,

---

1. The underlying facts of this case are taken from this court's opinion addressing Bryant's direct appeal in *State v. Bryant*, 7th Dist. No. 99 CA 135, 2001-Ohio-3466.

accused him of "messing around" with another woman in her presence. She then grabbed a knife from the window sill above the bed and attempted to stab him. Bryant was forced off the bed and into a corner with Thomas on top of him continuing to stab at him. In response, Bryant grabbed two knives and a ball peen hammer off the window sill to stab and hit her. It is Bryant's contention that while Thomas, 220 lbs., was on top of him, he reached around to stab her in the back and then hit her with the hammer. Once Thomas moved away from him to call 911, Bryant went into the bathroom to wash his hands and, listening to her phone call with 911 and knowing "help" was on its way, he put his jacket on and departed.

{¶6} On May 18, 1999, following a jury trial, Bryant was found guilty of one count of murder, in violation of R.C. 2903.02(A), and subsequently sentenced to fifteen years to life imprisonment on May 21, 1999. This court affirmed Bryant's conviction upon direct appeal. *State v. Bryant* (Dec. 6, 2001), 7th Dist. No. 99-CA-135. Bryant then filed an application with this court pro se, seeking to reopen his appeal due to ineffective assistance of counsel at the appellate level, which was denied on November 20, 2002. *State v. Bryant*, 7th Dist. No. 99-CA-135, 2002-Ohio-6522.

{¶7} On June 26, 2003, Bryant, proceeding pro se, petitioned the Mahoning County Common Pleas Court for postconviction relief. On February 25, 2004, the court denied Bryant's petition for failure to file the petition no later than 180 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of his conviction pursuant to R.C. 2953.21(A)(2). This court affirmed the trial court's decision denying the petition as untimely. *State v. Bryant*, 7th Dist. No. 04-MA-109, 2005-Ohio-5054.

{¶8} On November 11, 2009, Bryant filed a pro se motion styled "MOTION TO CORRECT VOID JUDGMENT AND RE-SENTENCING PURSUANT TO R.C. 2945.75(A)(2)." The trial court overruled the motion on December 17, 2009. This appeal followed.

{¶9} Bryant, still proceeding pro se, sets forth three assignments of error.

Because they are interrelated, they will be addressed together. They state, respectively:

**{¶10}** "DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION, AMENDMENT 14, WHEN THE TRIAL COURT DENIED HIM THE RELIEF HE SOUGHT FROM A VOID JUDGMENT THAT DID NOT COMPLY WITH STATUTE 2945.75[.]"

**{¶11}** "THE STATE COMMITTED PLAIN AND PREJUDICIAL ERROR WHEN IT FAILED TO FOLLOW THAT MANDATE OF *STATE V. PELFREY* IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO FUNDAMENTALLY FAIR PROCEEDINGS AND HIS RIGHTS TO BE SENTENCED IN COMPLIANCE WITH ALL STATUTES."

**{¶12}** "IF THE COURT FINDS THAT THERE ARE INFERIOR DEGREES OF AGGRAVATED MURDER, MURDER, AND VOLUNTARY MANSLAUGHTER, THEN THE JUDGMENT OF APPELLANT IS VOID AND HE MUST BE REMANDED FOR RESENTENCING ACCORDING TO STATE V. PELFREY[.]"

**{¶13}** "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus. Bryant's motion fulfills the definition of a petition for postconviction relief: (1) the motion was filed after his direct appeal; (2) he seeks to vacate his sentence as void, and; (3) in the petition, he alleged that his constitutional rights were violated and that the trial court sentenced him without appropriate jurisdiction. Therefore, Bryant's motion is properly construed as a petition for postconviction relief.

**{¶14}** Next, this court must address the trial court's jurisdiction to entertain the merits of Bryant's petition. The requirement that a petition for postconviction relief be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is

filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver* (1998), 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

**{¶15}** If a postconviction relief petition is filed beyond the 180-day time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

**{¶16}** Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for post-conviction relief. *State v. Carter*, 2d Dist. No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke* (1998), 130 Ohio App.3d 633, 720 N.E.2d 962.

**{¶17}** In this case, Bryant's petition was unquestionably filed beyond the 180-day time limit set forth in R.C. 2953.21. Bryant failed to allege any of the specifically enumerated timeliness exceptions under R.C. 2953.23. Therefore, Bryant's petition was untimely and the trial court was without jurisdiction to entertain it.

**{¶18}** Even assuming his motion had been timely filed, the argument it advanced is baseless. Pursuant to R.C. 2945.75(A)(2):

**{¶19}** "When the presence of one or more additional elements makes an offense one of more serious degree: * * * A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the

least degree of the offense charged."

{¶20} "Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus.

{¶21} In this case, contrary to Bryant's argument, the jury's verdict form was proper. It is well recognized that "[a]ggravated murder and murder are considered 'unclassified' felonies, because they are not classified by degree of felony." *State v. Wiley*, 10th Dist. No. 03AP-340, 2005-Ohio-1008, citing *State v. Hollingsworth* (2001), 143 Ohio App.3d 562, 567, 758 N.E.2d 713. It has also been held that the terms "aggravated murder" and "murder" constitute a statement of the degree of the offense for purposes of R.C. 2945.75(A). *State v. Biros* (Dec. 29, 1995), 11th Dist. No. 91-T-4632,

{¶22} Bryant was charged and convicted of murder in violation of R.C. 2903.02(A). The verdict form clearly states that the jury found Bryant guilty of murder. Therefore, the use of the word "murder" alone constitutes a statement of the degree of the offense for purposes of R.C. 2945.75(A).

{¶23} Accordingly, Bryant's three assignments of error are without merit.

{¶24} The judgment of the trial court is hereby affirmed.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.