[Cite as *State v. Jones*, 2011-Ohio-1002.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   10 MA 47 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| AARON JONES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:            Criminal Appeal from Common Pleas
Court, Case No. 06CR95.

JUDGMENT:            Affirmed.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:            Aaron Jones, *Pro se*
#511-342
Marion Correctional Institution
P.O. Box 57
Marion, Ohio  43302

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: March 1, 2011

VUKOVICH, J.

¶{1} Defendant-appellant Aaron Jones appeals the decision of the Mahoning County Common Pleas which denied his successive and untimely petition for post-conviction relief. Because his petition fails to meet or even allege the requirements for an untimely or successive petition under R.C. 2953.23(A), the trial court had no jurisdiction to consider the petition. For the foregoing reasons, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

¶{2} Appellant was convicted for the aggravated robbery and aggravated burglary of his former girlfriend. She had testified that he broke into her house with his cousin while she was sleeping. She said appellant held her by the hair, repeatedly punched her in the face, and threatened her while his cousin ransacked the room and stole money and prescription pills from her.

¶{3} In a July 24, 2006 judgment entry, appellant was sentenced to ten years on each count to run consecutively. In the direct appeal, appellant raised six assignments of error to this court: (1) fifteen allegations of ineffective assistance of counsel; (2) sufficiency of the evidence; (3) weight of the evidence; (4) failure to render curative instructions after defense objections; (5) speedy trial; and (6) sentencing. This court overruled his arguments and affirmed his conviction. *State v. Jones*, 7th Dist. No. 06MA109, 2008-Ohio-1541.

¶{4} Appellant has filed numerous post-trial motions. On January 5, 2007, appellant filed a petition to vacate his sentence based upon claims that the elements were not satisfied and that his speedy trial rights were violated. On March 27, 2008, he filed a motion for a new trial, which was denied three days later. On July 31, 2008, appellant filed a petition for post-conviction relief raising claims of ineffective assistance of counsel and speedy trial violations. He filed the same petition on August 6, 2008, at which time the trial court denied the petition. On February 25, 2009, appellant filed a motion for acquittal claiming insufficient evidence and problems with the jury verdict.

**¶{5}** On November 18 and December 28, 2009, he filed motions to vacate a void judgment. On January 7, 2010, appellant filed a petition for post-conviction relief, claiming a defective indictment due to the lack of the recklessness mens rea and ineffective assistance of counsel due to a failure to investigate. On February 5, 2010, the trial court denied the motions to vacate and the petition for post-conviction relief. Appellant filed the within timely appeal from that judgment.

<u>ASSIGNMENTS OF ERROR</u>

**¶{6}** Appellant sets forth the following two assignments of error:

**¶{7}** "DEFENDANT AARON L. JONES WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §10 AND §16 OF THE OHIO CONSTITUTION."

**¶{8}** "THE TRIAL COURT ERRED WHEN IT ORDERED DEFENDANT-APPELLANT TO SERVE MAXIMUM CONSECUTIVE SENTENCES FOR THE CONVICTIONS IN VIOLATION OF THE RIGHTS GUARANTEED BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §9 OF THE OHIO CONSTITUTION."

**¶{9}** Regarding his ineffective assistance of counsel assignment, appellant states that his attorney should have called an alibi witness at the preliminary hearing and should have presented more alibi witnesses at trial. He argues that counsel failed to fully investigate and gather evidence. Unrelated to the assignment, he also sets forth claims of insufficient evidence, allied offenses of similar import, unindicted mental state, and hearsay. Under his sentencing assignment of error, he argues that maximum, consecutive sentences are inappropriate.

**¶{10}** As the state points out, we already addressed his claims about sufficiency, the failure to call the alibi witness at the preliminary hearing and the effect on this witness's credibility at trial[1], and maximum, consecutive sentences. Thus, these claims cannot be raised in a post-conviction petition. See *State v. West*, 7th Dist. No 07JE26, 2009-Ohio-3347, ¶24 (res judicata allows court to deny petition for

---

[1] We also noted regarding all of the alibi complaints that his claim that he was at the hospital before the offense does not account for his time during the offense.

post-conviction relief without hearing where claims were or could have been raised on direct appeal). Other claims could have been raised in the direct appeal but were not. See id.

¶{11} Moreover, most of appellant's arguments here were not presented in his petition filed below and cannot be raised for the first time on appeal. This is also why appellant cannot add affidavits to the record on appeal that were not filed below. *State v. Ishmail* (1976), 54 Ohio St.2d 402, 406 (cannot add matter to record that was not in record before the trial court).

¶{12} In any event, appellant's petition was untimely and successive. As such, it was subject to the requirements of R.C. 2953.23. See R.C. 2953.21(A)(2) (petition for post-conviction relief must be filed within one hundred eighty days of the date in which the trial transcript is filed in the court of appeals in the direct appeal, unless certain exceptions enumerated in 2953.23 apply). Pursuant to R.C. 2953.23, the trial court cannot entertain an untimely or successive petition unless division (A)(1) or (2) applies. Division (A)(2) deals with DNA, which is inapplicable here. Division (A)(1) requires both of the following to apply:

¶{13} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

¶{14} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

¶{15} Here, appellant did not advise the trial court (or this court) that he was or how he was unavoidably prevented from discovering the fact on which his petition is based; nor does he claim a new retroactive right has been recognized by the United

States Supreme Court. See R.C. 2953.23(A)(1). In fact, all of the arguments made could have been raised in a timely filed petition for post-conviction relief. As such, the trial court had no jurisdiction to consider the petition. See *State v. Bryant*, 7th Dist. No. 10MA11, 2010-Ohio-4401, ¶16.

¶{16} Plus, considering the paucity of his petition, it also cannot be said that he showed by clear and convincing evidence that, but for constitutional errors at trial, no reasonable fact-finder would have found him guilty. See R.C. 2953. 23(A)(2). Thus, there is an alternative reason why the trial court had no jurisdiction to consider the petition. *Bryant*, 7th Dist. No. 10MA11 at ¶16. Finally, we point out that a trial court need not issue findings of fact or conclusions of law in dismissing an untimely filed or successive petition. See, e.g., *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, ¶7; *State ex rel. Carroll v. Corrigan* (1999), 84 Ohio St.3d 529, 530; *Gause v. Zaleski* (1999), 85 Ohio St.3d 614, 615.

¶{17} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, P.J., concurs.