[Cite as *State v. Petefish*, 2012-Ohio-1502.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    11 MA 70 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| JOEL PETEFISH, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                             Court, Case No. 10CR23.


JUDGMENT:                    Affirmed.


APPEARANCES:
For Plaintiff-Appellee:       Attorney Paul Gains
                             Prosecuting Attorney
                             Attorney Ralph Rivera
                             Assistant Prosecuting Attorney
                             21 West Boardman Street, 6th Floor
                             Youngstown, Ohio  44503


For Defendant-Appellant:      Joel Petefish, *Pro se*
                             #583-940
                             Richland Correctional Institution
                             1001 Olivesburg Road
                             P.O. Box 8107
                             Mansfield, Ohio  44901


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                             Dated:  March 30, 2012

VUKOVICH, J.

{¶1} Defendant-appellant Joel Petefish appeals the decision of the Mahoning County Common Pleas Court which denied his petition for post-conviction relief. He contends that his attorney was ineffective at trial because he did not interview or subpoena two witnesses and because counsel did not disclose a medical condition that sometimes caused him to fall asleep. For the following reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

{¶2} In 2010, a jury convicted appellant of aggravated burglary for trespassing in an occupied structure with purpose to commit a criminal offense while having a deadly weapon on or about his person or under his control. *See* R.C. 2911.11(A)(2). He was also convicted of two third-degree felony counts of abduction. *See* R.C. 2905.02. The trial court sentenced him to a total of ten years in prison. He appealed to this court where his convictions were affirmed. *State v. Petefish*, 7th Dist. No. 10MA78, 2011-Ohio-6367.

{¶3} In weighing sufficiency and weight of the evidence, we reviewed the trial testimony. Appellant's ex-wife, Bette, testified that because appellant was homeless in the summer of 2009, she allowed him to wash, eat, and nap at the house she shared with her husband. After she and her husband separated, Bette moved into an apartment with her daughter. She testified that appellant stayed at the apartment several times a week until she told him he needed to leave. On Christmas Eve, she left the door unlocked for her son, and she returned home to find appellant inside and acting strange. For instance, he ran outside (with Kool-Aid on his face) and made snow angels which he then urinated on. She stated that she was upset by his presence and by this behavior.

{¶4} On her way out, she told appellant he had to leave. However, when she returned later, the apartment was a mess and appellant was drunk. When she again instructed him to leave, he began "ranting and raving." Appellant then exited the apartment, taking her daughter's cellular telephone. It was then that Bette noticed that the land line would not work. Appellant soon returned, and Bette opened the door to

retrieve her daughter's phone.  Appellant pushed the door open, forcing Bette and her daughter against the wall.  Bette told appellant that they were leaving and that he needed to leave.  He yelled that they were "not going anywhere."  (Tr. 355-357).

**{¶5}** Bette and her daughter saw appellant put two knives in his pockets. (Tr. 356, 402).  When they ran upstairs, appellant broke into the bedroom declaring, "you're not going anywhere.  I'm not going to allow you.  You're not going anywhere." (Tr. 357).  Notwithstanding Bette's pleas for him to leave and never return, appellant blocked the door, while shouting and frequently putting his hands in his pockets (where the knives were).  When appellant became distracted, they fled the house and drove away.

**{¶6}** The police arrived and arrested appellant, who was in possession of a pocket knife and a switchblade.  Appellant testified that the incident never occurred.  He also testified that he was not just a guest but lived in the apartment with Bette and her daughter.  However, it was undisputed that he did not have his own set of keys, was unable to come and go without making prior arrangements, and was required to leave when she asked.

**{¶7}** On January 13, 2011, appellant filed a timely petition for post-conviction relief based upon ineffective assistance of trial counsel.  He asserted that counsel was asked to but did not interview and subpoena two witnesses, whose affidavits were attached.  The affidavit of Kathleen Bailey stated that she allowed appellant and Bette to stay with her for two weeks in October of 2009, after Bette separated from her husband. She also stated that the police brought Bette home drunk one night.  The affidavit of James Romandetti stated that he once visited appellant and Bette at the apartment, that it was his understanding they lived together as a couple, and that Bette drank to intoxication that night.

**{¶8}** Appellant attached his own affidavit stating that he informed his attorney of these witnesses.  This affidavit also claimed that his attorney appeared confused at trial and kept "nodding off during short intervals."  He attached a newspaper article disclosing that a week after his trial, another defendant's trial ended in a mistrial due to this same attorney's act of falling asleep during jury selection.  The article contained the attorney's explanation that certain medication was causing him to fall asleep.

{¶9} The state filed a request for summary judgment. The trial court denied appellant's request for post-conviction relief. Appellant appealed, and this court entered a limited remand with instructions for the trial court to issue findings of fact and conclusions of law. The trial court released its findings and conclusions on September 9, 2011.

{¶10} The trial court noted that Bette and her daughter testified that Bette does not drink. (Tr. 375, 389, 412). In response to the affiants' statements that Bette was once intoxicated, the court pointed out that appellant testified at trial but did not refute Bette's testimony that she was not a drinker. The court concluded that the testimony of two people that they once saw Bette in a state of intoxication would not have affected the trial's outcome.

{¶11} The trial court then addressed the portion of Mr. Romandetti's affidavit where he stated that from his single visit to the apartment, he had the impression that appellant lived with Bette. The court explained that this testimony would have been merely cumulative to the testimony defense counsel elicited at trial from appellant and his mother. The court also pointed out that trespass may occur even after lawful entry if the privilege to remain has been revoked.

{¶12} Finally, the trial court concluded that appellant's affidavit did not claim that counsel fell asleep during trial as he stated only that the attorney nodded off during short intervals, without stating "during trial" as he did when stating that counsel seemed lost. Upon these findings, appellant filed his merit brief, wherein he sets forth three assignments of error on appeal.

## POST-RELIEF CONTROL

{¶13} In post-conviction cases, the trial court has a gate-keeping function in deciding whether a petitioner will receive a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 51. Before scheduling a hearing on a post-conviction relief petition, the trial court shall determine "whether there are substantive grounds for relief." R.C. 2953.21(C). In making such a determination, the court shall consider the allegations in the petition, the supporting affidavits, and the documentary evidence in the file. *Id.*

**{¶14}** The phrase "whether there are substantive grounds for relief" under Section 2953.21(C) means whether there are grounds to believe that there was such a denial or infringement of the person's rights as to render the judgment constitutionally void or voidable. *State v. Calhoun*, 86 Ohio St.3d 279, 283, 714 N.E.2d 905 (1999), quoting R.C. 2953.21(A)(1). Thus, a trial court properly denies a petition for post-conviction relief without holding an evidentiary hearing if the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *Id.* at ¶ 2 of syllabus. The court can require the petitioner to show in his petition that errors resulted in prejudice before a hearing is scheduled. Id. at 283.

**{¶15}** The trial court's gatekeeping role is entitled to deference. *Gondor*, 112 Ohio St.3d 377 at ¶ 52. This includes the trial court's assessment of the credibility of affidavits. *Id.*; *Calhoun*, 86 Ohio St.3d at 284 ("Unlike the summary judgment procedure in civil cases, in postconviction relief proceedings, the trial court has presumably been presented with evidence sufficient to support the original entry of conviction"). And, "where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential." *Calhoun*, 86 Ohio St.3d at 284.

**{¶16}** Thus, the filing of a petition for post-conviction relief does not automatically entitle the petitioner to an evidentiary hearing. *Id.* at 282. The decision to grant the petitioner an evidentiary hearing and the decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *Id.* at 284; *Gondor*, 112 Ohio St.3d 377 at ¶ 58.

**{¶17}** Appellant's petition is based upon claims of ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

### ASSIGNMENTS OF ERROR NUMBERS ONE & TWO

{¶18} Appellant's first and second assignments of error provide:

{¶19} "THE APPELLANT WAS SUBSTANTIALLY PREJUDICED AND DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO PROPERLY INVESTIGATE AND/OR INTERVIEW STATE AS [sic] DEFENSE WITNESSES IN ORDER TO ADEQUATELY PREPARE A DEFENSE AND PREPARE FOR TRIAL."

{¶20} "THE APPELLANT SUBMITS HE WAS SUBSTANTIALLY PREJUDICED AND DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO FOLLOW THROUGH AND CALL WITNESSES THAT WOULD HAVE REFUTED AND DEFEATED THE INFLAMMATORY EVIDENCE PRESENTED TO AND CONSIDERED BY THE JURY."

{¶21} Under these assignments, appellant complains that counsel did not interview or subpoena Kathleen Bailey and James Romandetti as he requested. He believes their testimony was outcome-determinative for two reasons: to show that he and Bette lived together and to show that Bette lied when she testified that she did not drink alcohol.

{¶22} To the contrary, Ms. Bailey's affidavit merely stated that she permitted Bette and appellant to stay at her house for two weeks before Bette moved into an apartment. It also claimed that she asked them to sleep apart but found them sleeping in the same room. The affidavit said nothing about whether appellant went on to take up residence at Bette's apartment.

{¶23} On this topic, Mr. Romandetti's affidavit merely stated that he visited the apartment on one occasion and that it was his "understanding" that they were co-habiting there. It is within the trial court's discretion to find that a person developing an "understanding" from one visit would not have added a great deal of contradictory weight at trial. As the trial court pointed out, both appellant and his mother had already testified that appellant lived with Bette in that apartment. Thus, this affiant's "understanding" would have been merely cumulative of other testimony.

**{¶24}** Furthermore, as we stated in our prior opinion, the parties agreed that appellant's name is not on the lease of the newly rented apartment, he did not pay rent, utilities, or make regular contributions to the household, he did not have his own set of keys, he was unable to come and go without making prior arrangements with Bette, he received mail at his mother's house, and he stayed at other places as well. *Petefish*, 7th Dist. No. 10MA78 at ¶ 20. And, a trespass can occur even after lawful entry onto the premises if the privilege to remain has been revoked. *Id.* at ¶ 22.

**{¶25}** On the topic of whether Bette drinks alcohol, defense counsel asked Bette if she drinks. She responded that she is not a drinker, explaining that it had been months since she last had a drink. (Tr. 375). Each affiant claims that he or she saw Bette drunk on one occasion in the fall of 2009. Yet, this does not actually contradict her April of 2010 testimony that it had been months since she had a drink. Plus, a person who says they are not a "drinker" may not be lying merely because two people believed they saw her intoxicated one night. We also note that the affiants did not state how much she drank on these occasions.

**{¶26}** In any event, appellant testified at trial, but he did not set forth testimony on Bette's drinking, which he now wants to elicit through the testimony of others, one of whom says that appellant was with Bette when he saw her drink. Finally, whether she drank alcohol was not an outcome-determinative topic. Notably, there is no allegation that she had anything to drink on the night of the incident.

**{¶27}** For all of these reasons, appellant failed to show substantive grounds for relief in his petition as prejudice from the failure to call these witnesses is not apparent. These assignments of error are overruled.

ASSIGNMENT OF ERROR NUMBER THREE

**{¶28}** Appellant's third assignment of error provides:

**{¶29}** "THE APPELLANT SUBMITS HE WAS SUBSTANTIALLY PREJUDICED AND DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO DISCLOSE A NEWLY DIAGNOSED MEDICAL CONDITION (DIABETES) FOR WHICH HIS TREATMENT WAS CAUSING UNUSUAL REACTIONS SUCH AS FALLING ASLEEP, LETHARGY, APATHY AND MALAISE, DURING PETITIONER'S TRIAL."

{¶30} Appellant attached an online newspaper article to his affidavit in support of post-conviction relief. The article outlined his trial attorney's behavior in another defendant's case occurring the week after appellant's trial. The article stated that a mistrial was declared because the attorney, who was sitting second-chair, fell asleep during jury selection. The article reported that the attorney explained to the court that his blood sugar must have plummeted and that he had recently been diagnosed with diabetes and was taking medications that can make him fall asleep. To tie this article to his case, appellant's affidavit stated in pertinent part:

{¶31} "40) That counsel appeared lost, dazed, and confused prior to, during and after trial;

{¶32} "41) That I repeatedly asked counsel what was wrong, and he said nothing, although he kept nodding off during short intervals."[1]

{¶33} As the trial court pointed out, appellant's affidavit does not actually claim that trial counsel fell asleep during appellant's trial. Rather, the trial court believed that it merely suggested that counsel almost fell asleep during breaks or intervals in the trial.

{¶34} In any event, the trial judge who ruled on appellant's post-conviction petition was the same judge who presided over appellant's trial. See *Calhoun*, 86 Ohio St.3d at 284-285 (the trial court can assess the credibility of affidavits, especially where he presided at trial and the claims deal with behavior at trial). This judge stated that there was no indication that counsel fell asleep at appellant's trial. See Sept. 9, 2011 Second Amended Judgment Entry, p.4. This judge could also evaluate whether trial counsel seemed lost, dazed, or confused at trial.

{¶35} And, these claims do not specifically allege an instance of ineffective assistance of counsel as the petitioner must reveal what particular act or omission occurred that constituted a deficiency (*e.g.* failure to object or failure to properly cross-examine) and explain how that deficiency prejudiced the defense. In his direct appeal, he did not allege any instances of ineffective assistance of counsel that occurred on

---

[1]Appellant's brief relates other facts not presented to the trial court about other proceedings involving his attorney. However, these other proceedings cannot be viewed and used in support of a petition for first the first time on appeal. *See State v. Ishmail*, 54 Ohio St.2d 402, 406, 377 N.E.2d 500 (1978) (defendant cannot add matter to record that was not in the record before the trial court).

the record.  See *Petefish*, 7th Dist. No. 10MA78.  Appellant pointed to no manifestation of confusion during counsel's voir dire, opening statements, cross-examination of the state's witnesses, motion for acquittal, direct examination of the defense witnesses, or closing argument.

**{¶36}** Nor does appellant's petition allege a specific instance that occurred off the record, besides the failure to subpoena the two affiants, whose potential testimony was addressed supra.  Thus, there is no indication that the trial court abused its discretion in determining that substantive grounds for relief were not sufficiently presented to warrant a hearing.

**{¶37}** For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.