[Cite as *State v. Weaver*, 2013-Ohio-430.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 12 BE 21 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| JACOB WEAVER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Common Pleas
                                Court, Case No. 07CR33.

JUDGMENT:                       Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Christopher Berhalter
                                 Prosecuting Attorney
                                 147-A West Main Street
                                 St. Clairsville, Ohio  43950


For Defendant-Appellant:         Jacob Weaver, *Pro se*
                                 #A558-248
                                 Chillicothe Correctional Institution
                                 P.O. Box 5500
                                 Chillicothe, Ohio  45601


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                 Dated:  February 6, 2013

VUKOVICH, J.

{¶1} Defendant-appellant Jacob Weaver appeals the decision of the Belmont County Common Pleas Court denying his motion to vacate his sentence wherein he alleged that his speedy trial rights had been violated. Contrary to appellant's first argument on appeal, speedy trial issues do not void a conviction or sentence.

{¶2} Appellant's speedy trial argument also fails because he pled guilty thus waiving the issue. Even if there had been no waiver, his arguments are based upon items existing in the record but he did not file a direct appeal. Other arguments he raises here were not raised in his motion before the trial court and cannot be considered for the first time on appeal. For these various reasons, the trial court's refusal to vacate the sentence is upheld.

## STATEMENT OF THE CASE

{¶3} On January 19, 2007, appellant was arrested for raping a child in 1999. He was held in jail as he could not make bail. On August 3, 2007, he pled guilty to the offense. He was sentenced, in an August 31, 2007 judgment entry, to eight years in prison. He was then labeled a sexual predator. He did not appeal from his conviction.

{¶4} In 2011, appellant filed an unsuccessful motion protesting his reclassification as a Tier III offender. On appeal from that proceeding, this court vacated his Tier III classification and reinstated the prior sexual predator designation. *See State v. Weaver*, 7th Dist. No. 11BE12, 2011-Ohio-6402, ¶ 19.

{¶5} On May 10, 2012, appellant filed a motion asking the trial court to vacate his sentence. He argued that his speedy trial rights were violated because he was not brought to trial within ninety days after his arrest. *See* R.C. 2945.71(C)(2) (defendant shall be brought to trial within two hundred seventy days after arrest); R.C. 2945.71(E) (triple time if held in jail in lieu of bail). In his motion, appellant urged that a speedy trial violation voids a sentence and is thus an issue that can be raised at any time.

{¶6} The trial court overruled appellant's motion. The court outlined various motions filed by appellant which stopped the running of the speedy trial clock. For

instance, trial was originally set for April 3, 2007, a date prior to the running of the speedy trial time. However, on March 29, 2007, appellant filed a motion for a competency evaluation, a motion to suppress his own statements, a motion to disclose the confidential informant and to suppress the informant's statements, a motion for any tape recordings of the victim's statements, and a motion for the victim's school and counseling records.

{¶7} Then, when the evaluation was completed, counsel requested two different continuances of the competency hearing. At the rescheduled competency hearing, appellant stipulated to competency and entered his guilty plea. The trial court thus concluded that the record showed that appellant's speedy trial rights were not violated.

{¶8} The trial court alternatively concluded that appellant should have raised any speedy trial issue on direct appeal, classifying appellant's motion as one seeking post-conviction relief. Appellant filed a timely notice of appeal from the denial of his motion.

## ASSIGNMENTS OF ERROR ONE AND TWO

{¶9} Appellant sets forth four assignments of error, the first two of which ask: "Whether the trial court abused its discretion by dismissing petition as clarified in RC §2953.21" and "Whether the trial court abused its discretion by failing to conduct an evidentiary hearing."

{¶10} First, appellant states that he did not file a motion for post-conviction relief. Rather, he characterizes his filing as a motion to vacate a void sentence that can be filed at any time, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6328, 942 N.E.2d 332.

{¶11} The *Fischer* Court held that a facially invalid sentence is considered void, and thus, if post-release control was not imposed even though it was required by law, that portion of the sentence is void. *Fischer*, 128 Ohio St.3d 92 at ¶ 26. This case does not support appellant's position. Appellant's argument was not actually that his sentence was contrary to law. Rather, he alleged an error occurring prior to sentencing. The *Fischer* Court specifically stated that a proper motion to correct an

illegal sentence presupposes a valid conviction and cannot be used to challenge alleged errors that occurred prior to the sentence. *Id.* at ¶ 25. As such, appellant's first argument is without merit.

{¶12} Appellant's motion also failed to recognize that his conviction was by way of a guilty plea. By entering this guilty plea, he waived this statutory speedy trial claim. *See State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991); *State v. Davis*, 7th Dist. No. 08MA80, 2009-Ohio-4639, ¶ 8. Notably, appellant did not seek to withdraw his guilty plea under Crim.R. 32.1 or otherwise. Compare *Davis*, 7th Dist. No. 08MA80 at ¶ 8. *See also Ross v. Common Pleas Ct. of Auglaize Cty.*, 30 Ohio St.2d 323, 323-324, 285 N.E.2d 25 (1972) (voluntary plea waives all non-jurisdictional, appealable errors which may have occurred prior to the plea). As such, appellant's guilty plea bars his speedy trial claim.

{¶13} Even if appellant's conviction had resulted from a no contest plea or a finding of guilt after trial, his claim would not be cognizable by way of a post-conviction relief motion pursuant to R.C. 2953.21. That is, appellant alternatively argues that the trial court should have found that his speedy trial arguments can be raised in a motion under R.C. 2953.21 and that the court was required to hold an evidentiary hearing under said statute.

{¶14} However, appellant did not allege that it was necessary to evaluate items existing off of the record in order to ascertain whether his speedy trial rights were violated. His arrest date, the fact that he was in jail pending his plea, the various motions, and the court's entries setting and rescheduling hearings and attributing time to the defendant, and the hearings held before the court are all part of the record. This type of speedy trial is a matter for direct appeal (after the guilty plea was attacked for instance or after trial or upon a no contest plea).

{¶15} Pursuant to the doctrine of res judicata, a defendant cannot raise an issue in a motion for post-conviction relief if he could have raised the issue on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). And, res judicata allows a court to deny a petition for post-conviction relief without a hearing where the claims in

the petition were or could have been raised on direct appeal. *State v. Jones*, 7th Dist. No. 10MA47, 2011-Ohio-1002, ¶ 10. Thus, even if appellant had not waived the issue by pleading guilty, he could not use the post-conviction statutes to raise these speedy trial claims. Contrary to appellant's suggestion, just as a speedy trial violation does not void a sentence, it does not void a conviction. *State v. Davis*, 7th Dist. No. 08MA174, 2009-Ohio-4634, ¶ 2.

**{¶16}** Moreover, if appellant's petition was seeking post-conviction relief under R.C. 2953.21, then it was untimely filed. *See* R.C. 2953.21(A)(2) (if no appeal is taken, petition for post-conviction relief shall be filed no later than 180 days after the expiration of the time for filing the appeal). The trial court was not permitted to entertain this untimely post-conviction petition unless appellant was unavoidably prevented from discovering the necessary facts or the United States Supreme Court recognized a new retroactive right. *See* R.C. 2953.23(A)(1)(a). He must also have presented clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found him guilty. *See* R.C. 2953.23(A)(1)(b).

**{¶17}** Here, appellant did not allege how he was (or even that he was) unavoidably prevented from discovering the facts upon which his petition was based. *See* R.C. 2953.23(A)(1)(a). In fact, he states that counsel raised this issue below, and this is confirmed by a judgment entry mentioning that counsel's motion to dismiss was overruled. Moreover, appellant did not set forth a new retroactive right that has been recognized by the United States Supreme Court. *See id.* As such, the trial court had no jurisdiction to hear or consider this filing under the post-conviction relief statutes. *See State v. Bryant*, 7th Dist. No. 10MA11, 2010-Ohio-4401, ¶ 16.

**{¶18}** For all of these reasons, these assignments of error are overruled.

<u>ASSIGNMENT OF ERROR NUMBER THREE</u>

**{¶19}** Appellant's third assignment of error inquires: "Whether the trial court abused its discretion for its failure to comply with Crim R 11."

**{¶20}** Appellant claims here that he was coerced into pleading guilty after his speedy trial rights were violated and that he did not understand the implications of his plea. Although unrelated to the text of the assignment of error, he also alludes to a

claim of ineffective assistance of counsel and a belief that he would spend the rest of his life in prison if he did not plead guilty.

**{¶21}** We first point out that although the text of his assignment claims a failure to comply with Crim.R. 11, appellant does not specify which rights the court failed to adequately explain. As to any allusions to what counsel told him, such allegations exist outside of the record and were not before the trial court. A defendant cannot add matter to the record on appeal that was not before the trial court. *See State v. Ishmail*, 54 Ohio St.2d 402, 406, 377 N.E.2d 500 (1978); *State v. Petefish*, 7th Dist. No. 11MA70, 2012-Ohio-1502, fn. 1.

**{¶22}** Similarly, the arguments set forth in this assignment of error were not even raised in the motion before the trial court. As such, they are not properly before this court. *See State v. Robinson*, 7th Dist. No. 09MO6, 2010-Ohio-2698, ¶ 21 (an appellate court will not consider arguments on appeal from the denial of post-conviction relief that were not presented in petition to the trial court), citing *State v. Garrett*, 7th Dist. No. 06BE67, 2007-Ohio-7212, ¶ 8. *See also State v. Zamora*, 3d Dist. No. 11-08-04, 2008-Ohio-4410, ¶ 26; *State v. Sheets*, 4th Dist. No. 03CA24, 2005-Ohio-803, ¶ 29; *State v. Bandell*, 9th Dist. No. 96CA006524 (Apr. 9, 1997). This assignment of error is thus overruled.

<u>ASSIGNMENT OF ERROR NUMBER FOUR</u>

**{¶23}** Appellant's fourth assignment of error asks: "Whether the trial court abused its discretion in not informing Appellant of his rights."

**{¶24}** Under this assignment, appellant contends that any waiver of his speedy trial right was invalid as it was not made in writing or in open court. *See State v. King*, 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994) (a defendant's waiver of his or her right to a speedy trial must be either written or made on the record in open court).

**{¶25}** However, the trial court's reference to waiver in its judgment entry denying appellant's motion here was not to suggest that appellant entered an actual speedy trial rights waiver. Rather, as outlined in our Statement of the Case supra, the trial court's mention of waiver was a reference to the items filed by appellant

which tolled the speedy trial clock and thus acted as temporary waivers. That is, time is tolled by: any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined; any period of delay necessitated by reason of a motion, proceeding, or action made or instituted by the accused; the period of any continuance granted on the accused's own motion; and the period of any reasonable continuance granted other than upon the accused's own motion. *See* R.C 2945.72(B), (E), (H).

**{¶26}** Hence, this assignment of error is the result of a misconstruction of the language in the trial court's entry and is moot.

**{¶27}** For the foregoing reasons, the judgment of the trial court is affirmed.

Waite, J., concurs.
DeGenaro, P.J., concurs.