[Cite as *State v. Weaver*, 2013-Ohio-898.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    12 BE 21 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| JACOB WEAVER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:         Application for Reconsideration.


JUDGMENT:                                         Application for Reconsideration Denied.


APPEARANCES:
For Plaintiff-Appellee:                         Attorney Christopher Berhalter
                                                          Prosecuting Attorney
                                                          147-A West Main Street
                                                          St. Clairsville, Ohio  43950



For Defendant-Appellant:                    Jacob Weaver, *Pro se*
                                                          #A558-248
                                                          Chillicothe Correctional Institution
                                                          P.O. Box 5500
                                                          Chillicothe, Ohio  45601



JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                                          Dated:   March 11, 2013

PER CURIAM.

¶{1} Defendant-appellant Jacob Weaver has filed an application for reconsideration of our decision in *State v. Weaver*, 7th Dist. No. 12BE21, 2013-Ohio-430. For the following reasons, the application is denied as it is untimely and it is without merit in any event.

¶{2} An application for reconsideration of an appellate decision can be filed no later than ten days after the clerk has both mailed the parties the judgment and made a note on the docket of the mailing. App.R. 26(A)(1)(a). Our decision affirming the trial court's denial of a post-judgment motion to vacate a sentence was filed, mailed by the clerk, and docketed as mailed, all on February 6, 2013.

¶{3} Appellant's certificate of service states that his application for reconsideration was mailed on February 15, 2013. However, mailing is not the equivalent of filing for documents such as this application. Specifically, "Documents required or permitted to be filed in a court of appeals shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the documents are received by the clerk within the time fixed for filing, except that briefs shall be deemed filed on the day of mailing." App.R. 13(A).

¶{4} Still, days can be added to appellant's time under another rule, which provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other document upon that party and the notice or paper is served upon the party by mail or commercial carrier service under App.R. 13(C)(4), three days shall be added to the prescribed period." App.R. 14(C).

¶{5} As appellant was served with our decision by mail, he had thirteen days to file the application for reconsideration, making it due on Tuesday, February 19, 2012. The application was not filed until February 21, 2012. Thus, it was not timely filed.

¶{6} In any event, appellant's application is without merit. A reconsideration application must call to the attention of the appellate court an obvious error in its decision or point to an issue that was raised to the court but was inadvertently either not fully considered. *Juhasz v. Costanzo*, 7th Dist. No. 99CA294 (Feb. 7, 2002). An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusion reached and the logic used by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005-Ohio-3828, ¶ 2; *Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005-Ohio-1766, ¶ 16.

**¶{7}** Appellant's argument on appeal was that the trial court erred in denying his motion to vacate his sentence wherein he alleged that his speedy trial rights had been violated. *Weaver*, 7th Dist. No. 12BE21 at ¶ 1. As to appellant's main argument, we concluded that speedy trial issues do not void a conviction or sentence, and thus, his motion did not fall outside the rules of post-conviction relief petitions. *Id.* at ¶ 1, 10-11. We then pointed out that his guilty plea waived any speedy trial issues, and alternatively, if the motion was actually one for post-conviction relief, then the matter was barred from being asserted by the doctrine of res judicata. *Id.* at ¶ 2, 12.

**¶{8}** Appellant's application for reconsideration states that there is an obvious error in our decision at ¶ 11 because he "did state that his sentence was contrary to law * * *." His application emphasizes that he pled guilty after his speedy trial rights were allegedly violated.

**¶{9}** Paragraphs 10 and 11 of our appellate opinion in this case, provide:

First, appellant states that he did not file a motion for post-conviction relief. Rather, he characterizes his filing as a motion to vacate a void sentence that can be filed at any time, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6328, 942 N.E.2d 332.

The *Fischer* Court held that a facially invalid sentence is considered void, and thus, if post-release control was not imposed even though it was required by law, that portion of the sentence is void. *Fischer*, 128 Ohio St.3d 92 at ¶ 26, 942 N.E.2d 332. This case does not support appellant's position. Appellant's argument was not actually that his sentence was contrary to law. Rather, he alleged an error occurring prior to sentencing. The *Fischer* Court specifically stated that a proper motion to correct an illegal sentence presupposes a valid conviction and cannot be used to challenge alleged errors that occurred prior to the sentence. *Id.* at ¶ 25, 942 N.E.2d 332. As such, appellant's first argument is without merit."

*Weaver*, 7th Dist. No. 12BE21 at ¶ 10-11.

**¶{10}** Appellant misinterprets our statement that his argument "was not actually that his sentence was contrary to law" as a statement that he did not argue that his sentence was contrary to law. Conversely, we did not intend to convey an impression of waiver on this topic. Our statement conveyed that, even though appellant contended that his sentence was void, an

argument alleging a speedy trial violation is "not actually" an argument that a sentence itself is contrary to law.

**¶{11}** As the Supreme Court of Ohio pointed out in *Fischer*, a motion to correct an illegal sentence cannot be used to challenge alleged errors that occurred prior to the sentence. *Fischer*, 128 Ohio St.3d 92 at ¶ 25 (voiding portion of sentence which failed to impose post-release control even though it was required by law). In other words, claimed errors that occurred prior to sentencing do not make a facially invalid sentence. We stand by this conclusion and find no obvious error in ¶ 11 as claimed by appellant.

**¶{12}** Finally, our opinion did in fact recognize that appellant pled guilty after his speedy trial rights were allegedly violated. *Weaver*, 7th Dist. No. 12BE21 at ¶ 12. That is why we stated that his guilty plea waived his statutory speedy trial claim. *Id.*, citing *State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991). We yet alternatively stated that, even if his conviction had not been the result of a guilty plea, the doctrine of res judicata barred his claim from being raised in a post-conviction relief motion, which was untimely filed in any event. *Id.* at ¶ 13-17. We stand by these conclusions as well and reiterate that reopening is not a place to rehash an appeal. *Hampton*, 7th Dist. No. 02BE66 at ¶ 16.

**¶{13}** We conclude that appellant has not pointed to any obvious error in our decision. And, this court has fully considered every argument that was properly before this court. Accordingly, appellant's application for reconsideration is hereby denied.

Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, P.J., concurs.