[Cite as *State v. Rodriguez*, 2012-Ohio-3352.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97025**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTONIO RODRIGUEZ

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-379959

**BEFORE:** Jones, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**FOR APPELLANT**

Stephen L. Miles
20800 Center Ridge Road
Suite 405
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Antonio Rodriguez, appeals the trial court's denial of his "Motion to Declare Judgment Void." We affirm.

{¶2} In 2000, Rodriguez pleaded guilty to one count of felonious assault. He subsequently filed a motion to withdraw his guilty plea, which the trial court denied. He filed an appeal, which this court dismissed because Rodriguez failed to file the record. *State v. Rodriguez*, 8th Dist. No. 78696 (June 21, 2010). In 2002, he filed a "Motion for the Issuance of an Injunction and/or Restraining Order" challenging his conviction on postrelease control grounds. The trial court denied the motion and Rodriguez did not appeal the trial court's judgment.

{¶3} In 2009, Rodriguez filed a "Petition To Vacate Or Set Aside Sentence," which the trial court denied. He filed a motion for a delayed appeal, which this court denied and dismissed his appeal. *State v. Rodriguez*, 8th Dist. No. 95079 (June 21, 2010). In 2010, he filed a "Motion to Declare Judgment Void," advancing the same arguments as he had in his prior motions. The trial court denied the motion.

{¶4} Rodriguez now appeals the denial of his motion to declare his conviction void, pro se, and raises the following assignment of error for our review:

I.   The trial court's October 5, 2000 judgment should be declared as void because appellant was not properly advised on postrelease control.

{¶5} On appeal, Rodriguez argues that his conviction for felonious assault should be declared void because he was not properly advised of postrelease control at his

October 5, 2000 sentencing hearing.

**{¶6}** Rodriguez's claim is barred by res judicata. In 2002, Rodriguez filed a motion "for the issuance of an injunction or restraining order," arguing that he had not been properly advised of postrelease control at the sentencing hearing. The trial court denied the motion, making the specific finding that it had properly advised Rodriguez of postrelease control. Rodriguez did not appeal the trial court's finding. In 2009, Rodriguez filed a motion to vacate or set aside his sentence based again on his postrelease control argument. The trial court denied the motion; Rodriguez moved to file a delayed appeal, and this court denied said motion and dismissed his appeal. *Rodriguez*, 8th Dist. No. 95079. Rodriguez then filed a "Motion to Declare Judgment Void" based again on his postrelease control claims; the trial court again denied his argument.

**{¶7}** Thus, Rodriguez has filed three motions asking to have his conviction vacated based on his argument that he was not properly advised of postrelease control at his sentencing hearing. But Rodriguez failed to appeal the trial court's denial of his 2002 "Motion for the Issuance of an Injunction or Restraining Order." Instead, Rodriguez chose to wait over six years and file another motion advancing the same arguments as he had in 2002.

**{¶8}** Because the trial court's denial of Rodriguez's first motion challenging his sentence based on postrelease control grounds was an adjudication on the merits of his claims, was based upon the same facts, and sought the same relief as his second and third motions challenging his conviction on postrelease control ground, the trial court's denial

of his 2002 motion operated under res judicata to bar his successive motions. *State v. Tate*, 8th Dist. No. 93936, 2010-Ohio-2357, ¶ 10. Therefore, because Rodriguez did not properly appeal the court's denial of his first motion, any successive motions are barred by res judicata.[1]

{¶9} Even if we were able to consider Rodriguez's appeal, we would be unable to determine whether the trial court properly sentenced Rodriguez to postrelease control because Rodriguez did not file a transcript of that hearing. In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's decision. App.R. 9(B); *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87, ¶ 7. Failure to file the transcript prevents an appellate court from reviewing an appellant's assignments of error. *State v. Turner*, 8th Dist. No. 91695, 2008-Ohio-6648, ¶13. Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below.[2] *State v. Lababidi*, 8th Dist. No. 96755, 2012-Ohio-267, ¶ 13; *State v. Rice*, 8th Dist. No. 95100, 2011-Ohio-1929.

---

[1]We note that this case differs from those in which a defendant challenges his or her sentence because it is void. In those cases, the Ohio Supreme Court has found res judicata does not apply. *State v. Bailey*, 8th Dist. No. 93994, 2010-Ohio-1874, ¶ 7, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. Here, however, Rodriguez is challenging his underlying conviction, arguing that it should be vacated because his sentence was void.

[2] We note that Rodriguez filed, as an exhibit to his 2009 motion to vacate his sentence, what appears to be a portion of the transcript from his plea hearing and the hearing on the motion to withdraw his guilty plea; however, the full transcript, including the transcript from the sentencing hearing, is not in the record.

**{¶10}** Finally, even if the trial court improperly imposed postrelease control at the sentencing hearing and his claims were not barred by res judicata, Rodriguez would not be entitled to have his entire conviction vacated based on an error in imposing postrelease control. *See State v. Alford*, 8th Dist. No. 95946, 2011-Ohio-4811, *appeal not allowed by* 131 Ohio St.3d 1414, 2012-Ohio-136, 959 N.E.2d 1058 (holding that "res judicata applies 'to other aspects of the merits of a conviction including the determination of guilt and the lawful elements of the ensuing sentence.'" *Id.* at ¶ 11, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332).

**{¶11}** Finally, we note that the trial court sentenced Rodriguez to two years in prison. Rodriguez is no longer in prison or otherwise under the supervision of the Adult Parole Authority; his sentence has expired.[3] Once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors and impose postrelease control at resentencing; in other words, once Rodriguez's sentence expired, he cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control. *Peterson*, 2012-Ohio-87, at ¶ 10, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

**{¶12}** The sole assignment of error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[3] Although it appears from the pleadings filed in this appeal that Rodriguez is currently incarcerated in a federal penitentiary, there is no evidence in the record, nor does Rodriguez argue, that he is still incarcerated or under supervision for this case.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR