[Cite as *State v. Wells*, **2017-Ohio-7763**.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO                                    )
                                                 )
    PLAINTIFF-APPELLEE                       )
                                                 )          CASE NO. 16 JE 0033
VS.                                              )
                                                 )          OPINION
CARL WELLS                                       )
                                                 )
    DEFENDANT-APPELLANT                      )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from the Court of Common Pleas of Jefferson County, Ohio Case No. 02 CR 125 |
| JUDGMENT: | Reversed. |
| APPEARANCES: | |
| For Plaintiff-Appellee | Attorney Jane Hanlin Jefferson County Prosecutor 16001 State Route 7 Steubenville, Ohio 43952 |
| For Defendant-Appellant | Carl Wells, Pro se 335 Madison Avenue, #2 Akron, Ohio 44320 |
| JUDGES: | |

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: September 21, 2017

[Cite as *State v. Wells*, 2017-Ohio-7763.]
DeGENARO, J.

{¶1} Pro se Defendant–Appellant, Carl Wells, appeals the trial court's judgment denying his motion to vacate or terminate his post-release control obligations. On appeal, Wells argues the trial court erred by overruling his motion because post-release control was improperly imposed during his 2002 sentencing, and therefore that portion of his sentence is void. For the following reasons, Wells' assignment of error is meritorious. Accordingly, the judgment is reversed and the case remanded with instructions for the trial court to discharge Wells from post-release control supervision.

{¶2} In 2002, following a guilty plea, Wells was convicted of three counts of sexual battery, R.C. 2907.03(A)(5), third-degree felonies. The trial court imposed an aggregate sentence of 12 years in prison. The sentencing entry states that Wells' prison sentence will be "followed by mandatory post-release control" and that he had been notified of that sentencing condition. However, the entry does not state the duration of the post-release control term or whether it is discretionary or mandatory. Wells did not appeal.

{¶3} On June 7, 2014, Wells was released from prison, and the Ohio Department of Rehabilitation & Correction website indicates he is subject to five years of post-release control.[1]

{¶4} In 2014 and 2015 Wells filed pro se motions asking the trial court to vacate his post-release control; the trial court overruled both motions. Wells did not appeal either judgment. On November 14, 2016, Wells filed a third pro se motion to vacate or terminate his post-release control. The trial court denied his third motion.

{¶5} Wells, still acting pro se, timely appealed the third judgment. Wells' praecipe indicates that no transcript is required, thus there is no sentencing hearing transcript contained in the record before us to aid our evaluation of the arguments raised in Wells' merit brief. The State has not filed an Appellee brief.

## Post-release Control

{¶6} In his sole assignment of error, Wells asserts:

---

[1] *See* http://odrc.drc.ohio.gov/OffenderSearch/details.aspx?id=A434504&pg=x (Last accessed, August 23, 2017).

The trial court erred when it denied Defendant[-]Appellant's "Motion to Vacate a Partially Void Sentence and Terminate Void Imposition of Post Release Control" as the post release control portion of the sentence is void as it was improperly journalized and could not be corrected as the defendant had been released from prison violating the Fifth and Fourteenth Amendments to the United States Constitution.

**{¶7}** Wells argues the trial court was required—but failed—to properly advise him about post-release control in the judgment entry of sentence. He asserts the trial court did not notify him of the mandatory nature of the post-release control term or its length. Additionally, he asserts the court did not notify him that if he violated the conditions of post-release control the parole board could impose a prison term of up to one-half of the original prison term. Wells argues the trial court's failure to provide him with proper notices renders the post-release control portion of his sentence void. He further argues that because he has completed his prison term, he cannot be resentenced to correct post-release control errors. Therefore, he asserts the trial court erred by overruling his motion to vacate his post-release control and release him from his post-release control obligations.

**{¶8}** Wells was convicted of and sentenced for felony sex offenses in 2002. Defendants sentenced prior to July 11, 2006, are not subject to the post-release control correction procedures found in R.C. 2929.191. *See State v. Pullen*, 7th Dist. No. 11 MA 10, 2012-Ohio-1498, ¶ 12, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 23, 27, 32, 35. For defendants sentenced prior to the effective date of R.C. 2929.191, the procedures for dealing with post-release control errors have evolved through case law.

**{¶9}** "A trial court must provide proper advice to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violation." *State v. Baird*, 7th Dist. No. 15 MA 0155, 2016-Ohio-8211, ¶ 9, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012–Ohio–1111, 967 N.E.2d 718, ¶ 18. Further, the trial court "must include

the postrelease control advice in the sentencing entry to reflect the notification it gave at the sentencing hearing." *Baird*, at ¶ 9, citing *Qualls* at ¶ 19.

**{¶10}** " 'A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.' " *State v. Billiter*, 134 Ohio St.3d 103, 2012–Ohio–5144, 980 N.E.2d 960, ¶ 7, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, paragraph one of the syllabus. However, "[o]nly the offending portion of the sentence [i.e., the erroneous postrelease control,] is subject to review and correction." *Fischer* at ¶ 27.

**{¶11}** Accordingly, the fact that Wells failed to file a direct appeal from his conviction and sentence and the trial court's judgment denying his first two motions to vacate post-release control, does not bar consideration of the merits of the denial of his third motion.

**{¶12}** Wells' sentencing entry states that his 12-year prison sentence will be "followed by mandatory post-release control." The entry also notes that Wells "has been given notice of post release control." The entry does not state the duration of the post-release control term or whether it is discretionary or mandatory. Pursuant to the law in effect at that time, as now, Wells' conviction for felony sex offense carried with it a mandatory five-year term of post-release control. R.C. 2967.28(B)(1), 2002 Ohio Laws File 121 (H.B. 327). Wells has served the entirety of his prison sentence; he was released from prison in June 2014.

**{¶13}** This court dealt with similar facts and arguments on appeal in *Baird,* where the appellant was convicted of rape and sentenced in 2004. Baird was released from prison in 2014, placed on a five-year term of post-release control, and thereafter filed a motion in the trial court to vacate post-release control and terminate supervision which the trial court denied. *Baird* at ¶ 2-4, 6. We noted that Baird did not take issue with the post-release control advisements the trial court gave at his sentencing hearing, only with the advisement in the sentencing entry. *Id.* at ¶ 11:

As to postrelease control, the judgment entry states only: "The

Defendant has been given notice under R.C. 2929.13(B)(3) and of appellate rights under R.C. 2953.08." At the time of appellant's sentencing, R.C. 2929.13(B)(3) contained the required postrelease control advisements. Thus, the court's only reference to postrelease control in the sentencing entry was to state that it gave appellant the notice required by the postrelease control statute.

*Baird* at ¶ 11.

{¶14} We reversed the trial court's judgment, reasoning:

His sentencing judgment entry does not contain either of the two required postrelease control advisements. It does not advise appellant of the details of the postrelease control nor does it advise him of the consequences of violation. A judgment entry of sentence that includes a term of postrelease control must advise the defendant of the details of the postrelease control and the consequences of violation. *Qualls*, 131 Ohio St.3d at ¶ 18–19; *State v. Smith*, 9th Dist. No. 15CA010778, 2016–Ohio–4688, ¶ 7; *State v. Duncan* 1st Dist. No. C120324, 2013–Ohio–381, ¶ 8; [*State v.*] *Bundy*, [7th Dist. No. 12 MA 86,] 2013–Ohio–2501, ¶ 29–30. And because appellant has already completed his prison term, a nunc pro tunc entry is not a proper remedy here.

*Baird* at ¶ 18.

{¶15} Here, like in *Baird*, Wells only attacks the validity of the post-release control notification in his sentencing entry. As mentioned, Wells failed to order a sentencing transcript for inclusion in the appellate record; thus, we must presume the regularity of those proceedings. *See State v. Kergan*, 7th Dist. No. 11 MA 72, 2012-Ohio-1407, ¶ 14, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). However, even assuming he was properly notified during the hearing, the sentencing entry contains a clear error in that the duration of the post-

release control term is not specified. Pursuant to *Baird*, and the cases upon which it relies, the fact that Wells has fully served his prison sentence in this case precludes the correction of this post-release control error. Instead, an order of the trial court discharging Wells from post-release control supervision is the proper remedy. *Bundy*, 2013–Ohio–2501, ¶ 32.

**{¶16}** Accordingly, Wells' sole assignment of error is meritorious; the judgment of the trial court is reversed; and the case is remanded with instructions for the trial court to discharge Wells from post-release control supervision.

Donofrio, J., concurs.

Robb, P. J., concurs.