[Cite as *State v. Jones*, 2019-Ohio-2377.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

AARON JONES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0078**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 06 CR 95

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*,* and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Aaron Jones, *Pro Se,* # A511-342, 2500 S, Avon-Belden Road, Grafton, Ohio 44044, Defendant-Appellant.

Dated:  June 10, 2019

---

**D'APOLITO, J.**

**{¶1}**   Pro se Appellant, Aaron Jones, appeals from the July 3, 2018 nunc pro tunc judgment of the Mahoning County Court of Common Pleas, pursuant to this court's remand in *State v. Jones*, 7th Dist. Mahoning No. 16 MA 0192, 2017-Ohio-9376, correcting Appellant's 20-year sentence for aggravated robbery and aggravated burglary following a jury trial to include the statutorily mandated five-year period of postrelease control and notifying him of the consequences should he violate postrelease control.  For the reasons stated, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}**   On May 25, 2006, Appellant was convicted on two counts: aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1) and (C); and aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (B).  On July 20, 2006, the trial court sentenced Appellant to an aggregate total of 20 years in prison.[1]

**{¶3}**   Appellant filed a direct appeal with this court in which he argued that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence, the trial court failed to provide curative instructions following defense objections, his speedy trial rights were violated, error occurred in various sentencing issues, and that his counsel provided ineffective assistance.  *State v. Jones*, 7th Dist. Mahoning No. 06 MA 109, 2008-Ohio-1541 ("*Jones I*").  We found no merit to Appellant's arguments and affirmed his conviction and sentence.  Appellant filed a delayed appeal to the Supreme Court of Ohio, which was denied.  *State v. Jones*, 120 Ohio St.3d 1414, 2008-Ohio-6166.

**{¶4}**   Following Appellant's direct appeal, he has filed numerous postconviction motions.  On January 5, 2007, Appellant filed a "Petition to Vacate or Set Aside Sentence"

---

1. Because Appellant was sentenced after July 11, 2006, he is subject to the postrelease control correction procedures found in R.C. 2929.191.

Case No. 18 MA 0078

while his direct appeal was pending. In that motion, he raised sufficiency of the evidence and speedy trial arguments. On March 27, 2008, after *Jones I* was released, Appellant filed a motion for a new trial. The trial court denied that motion. No appeal was taken.

**{¶5}** On July 23, 2008, Appellant filed a postconviction petition to "Set Aside or Vacate Judgment of Conviction or Sentence." In his petition, appellant asserted a speedy trial violation and an ineffective assistance of counsel claim. Two weeks later, Appellant filed an identical petition. The trial court denied both petitions. No appeal was taken.

**{¶6}** On February 25, 2009, Appellant filed a "Motion for Acquittal" arguing that his convictions were not supported by sufficient evidence. The trial court denied that motion. No appeal was taken.

**{¶7}** On November 18, 2009, Appellant filed a "Motion for Void Judgment" in which he argued that his indictment was defective. On December 28, 2009, Appellant filed a postconviction petition to "Set Aside or Vacate Judgment of Conviction or Sentence." On January 7, 2010, Appellant filed a second postconviction petition to "Set Aside or Vacate Judgment of Conviction or Sentence." The trial court denied all three motions. Appellant appealed the denial in *State v. Jones*, 7th Dist. Mahoning No. 10 MA 47, 2011-Ohio-1002 ("*Jones II*"). This court ruled that Appellant's petition was both successive and untimely filed and affirmed the trial court's decision.

**{¶8}** On December 5, 2011, Appellant filed a "Motion to Correct Judgment and/or Vacate and Resentence Pursuant to H.B. 86." The trial court denied that motion. Appellant appealed and this court affirmed in *State v. Jones*, 7th Dist. Mahoning No. 13 MA 53, 2014-Ohio-2592 ("*Jones III*").

**{¶9}** On January 3, 2013, Appellant filed a "Motion for Resentencing." On March 4, 2013, he filed a "Motion to Have Trial Transcripts at State's Expense." Also on March 4, 2013, he filed a "Leave to File a Delayed Motion for a New Trial." The trial court denied all three motions. Appellant filed two notices of appeal. The first notice related to the trial court's denial of his request for trial transcripts. That appeal was denied in a May 16, 2014 judgment entry ("*Jones IV*"). In his second notice, appellant appealed the trial court's denial of his January 3, 2013 and March 4, 2013 motions. This court affirmed in *State v. Jones*, 7th Dist. Mahoning No. 14 MA 46, 2015-Ohio-1707 ("*Jones V*").

{¶10} On October 28, 2016, Appellant filed a "Motion for Relief for Void Sentence." On December 13, 2016, the trial court denied that motion. Appellant appealed and this court affirmed in part and remanded for the sole purpose of obtaining a nunc pro tunc entry to correct the sentencing entry because the trial court failed to notify Appellant of the consequences of violating postrelease control within his sentencing entry. *Jones*, 2017-Ohio-9376 ("*Jones VI*").

{¶11} On January 8, 2018, Appellant filed a "Motion to Dismiss and Discharge." One month later, Appellant filed a "Demand for Release Due to Wrongful Imprisonment." The trial court denied the motions.

{¶12} Pursuant to this court's remand in *Jones VI*, on July 3, 2018, the trial court issued a nunc pro tunc entry correcting Appellant's sentence to include the statutorily mandated five-year period of postrelease control and notifying him of the consequences should he violate postrelease control. Specifically, the trial court stated the following:

> Further, the term is to be followed by a MANDATORY period of post release control of FIVE (5) years to be monitored by the Adult Parole Authority pursuant to ORC 2967.28. If the Defendant violates that supervision or a condition of post release control imposed under divisions (B) of Section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon defendant. If Defendant violates the law or commits another felony while on a period of post release control, an additional prison term consisting of the maximum period of unserved time remaining on post release control or twelve months, whichever is greater, will be imposed and must be served consecutively to any prison sentence imposed for a new felony committed by defendant.

(7/3/18 Nunc Pro Tunc Judgment Entry p. 2).

{¶13} Appellant filed the instant pro se appeal and raises three assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**TRIAL COURT JUDGE VIOLATED SECTION (B)(1) OF OHIO REVISED CODE 2743.48, WHEN SHE RULED ON ACTION. THIS ACTION IS 'CIVIL' AND SHE HAS NO JURISDICTION**.

## ASSIGNMENT OF ERROR NO. 2

**TRIAL COURT JUDGE VIOLATED THE MANDATES OF OHIO SUPREME COURT MANDATES OF STATE V. CAMERON D. WILLIAMS, 2015-1478 IN NUNC PRO TUNCING THIS VOID SENTENCE.**

## ASSIGNMENT OF ERROR NO. 3

**UNDER SEVERAL JURISDICTIONS, NUNC PRO TUNC CANNOT BE USED TO CORRECT VOID JUDGMENTS.**

**{¶14}** Appellant mainly asserts in his first, second, and third assignments of error that the trial court's initial failure to incorporate the postrelease control notifications into his judgment entry of conviction renders his conviction void.[2] Because Appellant's assignments are interrelated, we will address them together for ease of discussion.

"A trial court must provide proper advice to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violation." *State v. Baird*, 7th Dist. No. 15 MA 0155, 2016-Ohio-8211, ¶ 9, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d

---

2. Any other issues unrelated to Appellant's arguments on postrelease control may not be raised. *See State v. Wells*, 7th Dist. Jefferson No. 14 JE 5, 2014-Ohio-5504, ¶ 14, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 31 (Holding that the appellant "raises other errors unrelated to his arguments on postrelease control, but the Ohio Supreme Court has made it very clear that no other issues may be raised when making a collateral attack on a sentence based on an error in imposing postrelease control.") Further, we note here that Appellant's reliance on R.C. 2743.48 is misplaced since his conviction was not "vacated, dismissed, or reversed on appeal." R.C. 2743.48(A)(4). Also, Appellant's reliance on *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, is misplaced as that case did not involve the issue of postrelease control as in the instant case, but rather held that imposing separate sentences for allied offenses is contrary to law.

Case No. 18 MA 0078

718, ¶ 18.   Further, the trial court "must include the postrelease control advice in the sentencing entry to reflect the notification it gave at the sentencing hearing."  *Baird*, at ¶ 9, citing *Qualls* at ¶ 19.

"'A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.'" *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 7, quoting * * * *Fischer*, [*supra,*] * * * paragraph one of the syllabus.  However, "(o)nly the offending portion of the sentence (i.e., the erroneous postrelease control,) is subject to review and correction." *Fischer* at ¶ 27.

*State v. Wells*, 7th Dist. Jefferson No. 16 JE 0033, 2017-Ohio-7763, ¶ 9-10.

**{¶15}** When postrelease control notification was properly given at the sentencing hearing, the failure to incorporate postrelease control in the judgment of conviction may be corrected by a Crim.R. 36 nunc pro tunc entry at any time before the defendant has completed his prison term.  *See* R.C. 2929.191; *Qualls, supra*, at ¶ 24.

**{¶16}** Here, Appellant attacked the validity of the postrelease control notification in his sentencing entry.  As mentioned by this court in *Jones VI*, although the State claimed that the trial court properly notified Appellant of postrelease control during the hearing, Appellant failed to order a sentencing transcript for inclusion in the appellate record.  Thus, in the absence of a transcript, we must presume regularity of those proceedings.  *Jones*, 2017-Ohio-9376, ¶ 19, citing *State v. Dumas*, 7th Dist. Mahoning No. 06 MA 36, 2008-Ohio-872, ¶ 14, citing *State v. Johnson*, 9th Dist. Lorain No. 02CA008193, 2003-Ohio-6814, ¶ 9; *see also Wells,* 2017-Ohio-7763*,* at ¶ 15.

**{¶17}** Presuming Appellant was properly notified regarding postrelease control at the sentencing hearing, the record reveals the trial court failed to notify him of the consequences of violating postrelease control in the sentencing entry.  As stated, this court remanded the matter for the sole purpose of entering a nunc pro tunc entry to correct this error.  *Jones*, 2017-Ohio-9376.  Pursuant to our remand, the trial court issued a nunc

pro tunc entry on July 3, 2018, correcting Appellant's sentence to include the statutorily mandated five-year period of postrelease control and notifying him of the consequences should he violate postrelease control.

{¶18} Since Appellant remains in state custody, the trial court properly corrected postrelease control pursuant to R.C. 2929.191 by way of a nunc pro tunc judgment entry. *See Qualls*, *supra*, at ¶ 24; *State v. Dardinger*, 1st Dist. Hamilton No. C-160467, 2017-Ohio-1525, ¶ 14; *State v. Jones*, 2d Dist. Montgomery No. 26228, 2015-Ohio-1749, ¶ 6; *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857, ¶ 9. The trial court's initial failure to incorporate postrelease control notification into Appellant's judgment entry of conviction does not render his underlying conviction void. *See Fischer, supra,* at ¶ 17; *State v. Rodriguez*, 8th Dist. Cuyahoga No. 97025, 2012-Ohio-3352, ¶ 10.

{¶19} Appellant's first, second, and third assignments of error are without merit.

## CONCLUSION

{¶20} For the foregoing reasons, Appellant's assignments of error are not well-taken. Pursuant to this court's remand in *Jones VI*, the nunc pro tunc judgment of the Mahoning County Court of Common Pleas, correcting Appellant's sentence to include the statutorily mandated five-year period of postrelease control and notifying him of the consequences should he violate postrelease control, is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 18 MA 0078

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**