[Cite as *State v. Jones*, 2019-Ohio-3340.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Respondent-Appellee,

v.

AARON JONES,

Petitioner- Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0078**

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Application Denied.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Aaron Jones, *Pro Se,* # A511-342, Grafton Correctional Institution, 2500 South Avon-Belden Road, Grafton, Ohio 44044, Defendant-Appellant.

Dated:  August 14, 2019

**PER CURIAM.**

**{¶1}**    Petitioner-appellant, Aaron Jones, filed a pro se application requesting that this court reconsider our decision in *State v. Jones*, 7th Dist. Mahoning No. 18 MA 0078, 2019-Ohio-2377, in which we affirmed the July 3, 2018 nunc pro tunc judgment of the Mahoning County Court of Common Pleas, pursuant to our remand in *State v. Jones*, 7th Dist. Mahoning No. 16 MA 0192, 2017-Ohio-9376, correcting Appellant's 20-year sentence for aggravated robbery and aggravated burglary following a jury trial to include the statutorily mandated five-year period of postrelease control and notifying him of the consequences should he violate postrelease control.  Appellant contends that this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 7th Dist. Mahoning No. 17 MA 0165, 2019-Ohio-1190, ¶ 2.

{¶2} In his application, Appellant mainly asserts that the trial court's initial failure to incorporate the postrelease control notifications into his judgment entry of conviction renders his conviction void.[1] We disagree.

{¶3} In *Jones*, 2019-Ohio-2377, this court stated the following:

Here, Appellant attacked the validity of the postrelease control notification in his sentencing entry. As mentioned by this court in *Jones VI*, although the State claimed that the trial court properly notified Appellant of postrelease control during the hearing, Appellant failed to order a sentencing transcript for inclusion in the appellate record. Thus, in the absence of a transcript, we must presume regularity of those proceedings. *Jones*, 2017-Ohio-9376, ¶ 19, citing *State v. Dumas*, 7th Dist. Mahoning No. 06 MA 36, 2008-Ohio-872, ¶ 14, citing *State v. Johnson*, 9th Dist. Lorain No. 02CA008193, 2003-Ohio-6814, ¶ 9; *see also* [*State v.*] *Wells,* [7th Dist. Jefferson No. 16 JE 0033,] 2017-Ohio-7763*,* at ¶ 15.

Presuming Appellant was properly notified regarding postrelease control at the sentencing hearing, the record reveals the trial court failed to notify him of the consequences of violating postrelease control in the sentencing entry. As stated, this court remanded the matter for the sole purpose of entering a nunc pro tunc entry to correct this error. *Jones*, 2017-Ohio-9376. Pursuant to our remand, the trial court issued a nunc pro tunc entry on July 3, 2018, correcting Appellant's sentence to include the statutorily mandated five-year period of postrelease control and notifying him of the consequences should he violate postrelease control.

Since Appellant remains in state custody, the trial court properly corrected postrelease control pursuant to R.C. 2929.191 by way of a nunc pro tunc

---

[1] "Any other issues unrelated to Appellant's arguments on postrelease control may not be raised." *Jones*, 2019-Ohio-2377, fn.2, citing *State v. Wells*, 7th Dist. Jefferson No. 14 JE 5, 2014-Ohio-5504, ¶ 14, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 31.

judgment entry. *See* [*State v.*] *Qualls*, [131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718,] at ¶ 24; *State v. Dardinger*, 1st Dist. Hamilton No. C-160467, 2017-Ohio-1525, ¶ 14; *State v. Jones*, 2d Dist. Montgomery No. 26228, 2015-Ohio-1749, ¶ 6; *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857, ¶ 9. The trial court's initial failure to incorporate postrelease control notification into Appellant's judgment entry of conviction does not render his underlying conviction void. *See Fischer, supra,* at ¶ 17; *State v. Rodriguez*, 8th Dist. Cuyahoga No. 97025, 2012-Ohio-3352, ¶ 10.

*Jones*, 2019-Ohio-2377, ¶ 16-18.

**{¶4}** In support of his argument, Appellant again cites to *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658. However, this court has already held that "Appellant's reliance on *State v. Williams* * * * is misplaced as that case did not involve the issue of postrelease control as in the instant case, but rather held that imposing separate sentences for allied offenses is contrary to law." *Jones*, 2019-Ohio-2377, fn. 2.

**{¶5}** Upon review of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

**{¶6}** An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens, supra,* at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant has made no such demonstration.

**{¶7}** For the foregoing reasons, Appellant's pro se application for reconsideration is hereby denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**