[Cite as *State ex rel. Jones v. Warden, Belmont Corr. Inst.*, 2021-Ohio-570.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE EX REL. AARON L. JONES, SR.,

Petitioner-Appellant,

v.

WARDEN, BELMONT CORRECTIONAL INSTITUTION,

Respondent-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 BE 0004

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 CV 393

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

Aaron L. Jones, Sr. (PRO SE), A-511-342, Belmont Correctional Institution, 68518 Bannock Road, S.R. 311, P. O. Box 540, St. Clairsville, Ohio 43950, for Petitioner-Appellant and

*Atty. Dave Yost*, Ohio Attorney General and *Atty. Jerri Fosnaught,* Assistant Attorney General, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for Respondent-Appellee.

Dated:
March 2, 2021

**Donofrio, J.**

{¶1}   Petitioner-appellant, Aaron Jones, appeals from a Belmont County Common Pleas Court judgment dismissing his petition for a writ of habeas corpus.

{¶2}   In 2006, appellant was convicted by a jury of aggravated robbery and aggravated burglary, for breaking into his ex-girlfriend's home, threatening her with a gun, repeatedly punching her, and stealing money.  The trial court sentenced appellant to ten years on each count to run consecutively.  Appellant filed a direct appeal with this court raising six assignments of error.  *State v. Jones*, 7th Dist. Mahoning No. 06 MA 109, 2008-Ohio-1541.  We affirmed his conviction and sentence.  *Id.*

{¶3}   Appellant later filed a pro se petition for a writ of habeas corpus in the trial court on November 4, 2019.  He alleged that he was being held unlawfully by respondent-appellee, the Warden of the Belmont Correctional Institution.  Appellant asserted his sentence was void because it lacked proper post-release control notification.

{¶4}   Appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted or, alternatively, for summary judgment.  Appellee pointed out that appellant's petition was procedurally deficient because he failed to attach copies of his commitment papers as required by statute.  Specifically, appellee stated that appellant failed to attach a July 3, 2018 nunc pro tunc judgment that corrected the post-release control notification.  Appellee further argued that appellant's claim was not cognizable in habeas corpus because he had an adequate legal remedy where he could have raised his claim.  Appellee went on to argue that appellant was required to, and did not, pay the filing fee for the petition.  Appellee next argued that appellant was required to, and failed to, provide a detailed list of all lawsuits he filed in the previous five years.

{¶5}   The trial court granted appellee's motion for summary judgment.  In so doing the court first noted that because it considered matters outside of the pleadings, it treated appellee's motion as one for summary judgment.  The court pointed out that

appellant attached a copy of the relevant judgment entry of sentence to his petition. But appellant failed to disclose that as a result of a remand from a prior appeal, the sentencing court had attempted to correct the post-release control notification issue. The court noted that appellee provided it with a copy of a nunc pro tunc sentencing judgment entry that included the post-release control notification. Nonetheless, the trial court stated that the record failed to show that the sentencing court had conducted a new sentencing hearing with appellant present. Instead, it appeared to the trial court that the sentencing court had simply amended the sentencing judgment entry to include the correct language.

{¶6} The trial court went on to find that, at best, appellant's sentence was possibly void in part only relating the post-release control notification. It stated that appellant's remedy was to petition the sentencing court for a limited resentencing hearing for the proper imposition of post-release control. But the court found appellant was not entitled to relief in habeas corpus because he had failed to demonstrate he was entitled to immediate release.

{¶7} Moreover, the trial court found it had to dismiss appellant's petition on procedural grounds. It found that appellant failed to attach copies of all of his commitment papers to his petition as required by R.C. 2725.04(D). And the court found appellant failed to timely file an affidavit listing all actions he filed in the previous five years. Finally, it found appellant failed to file a certified statement of his account balance for the six-month period prior to filing his petition. For all of these reasons, as well as the reasons set out above, the trial court dismissed appellant's petition.

{¶8} Appellant filed a timely notice of appeal on February 18, 2020. He now raises six assignments of error. Appellant's arguments as to each of his assignments of error are convoluted at best and difficult to decipher.

{¶9} Appellant's first assignment of error states:

> TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONER WHEN NOT ENGADGING [sic.] IN ALLOWING THE WRIT OF HABEAS CORPUS, IN THIS MATTER.

{¶10}  Appellant asserts here that the trial court did not sentence him in a timely manner, his conviction was improper because the jury found he did not have a weapon, and he should not have been sentenced to consecutive sentences.

{¶11}  Appellant's second assignment of error states:

THE MANDATES ESTABLISHED FROM THIS COURT AND OTHER JURISDICTIONS, CONTRADICT THEMSELVES, IN THIS MATTER.

{¶12}  In this assignment of error, appellant claims he was not notified of post-release control, he never had an opportunity to view the transcripts from his trial, and his appellate counsel was ineffective.

{¶13}  Appellant's third assignment of error states:

THE JURISDICTION, OF SAID MATTER, IS 'CONFUSED' TO THIS MATTER OF PERMITTING PETITIONER'S FREEDOM.

{¶14}  In this assignment of error, appellant seems to raise a speedy trial issue.

{¶15}  Appellant's fourth assignment of error states:

UNDER THE STATUTES AND MEMORANDUM GIVEN, IN THIS ARGUMENT PETITIONER IS DUE HIS FREEDOM, BASED UPON A VOID SENTENCE, AND THIS MATTER GETTING IGNORED IN THE COURT'S [sic.] OF OHIO.

{¶16}  Appellant asserts his innocence and argues there was no evidence of his guilt and again attacks his sentence.

{¶17}  Appellant's fifth assignment of error states:

WITH NO EVIDENCE, HOW, DID THE STATE CONVICT AN INNOCENT MAN, WITHOUT EVIDENCE OF HIS GUILT?

{¶18}  Appellant once again complains that his maximum consecutive sentences were improper.

{¶19}  Appellant's sixth assignment of error states:

Case No. 20 BE 0004

PETITIONER WAS/IS DENIED HIS DUE PROCESS, DIGNITIES, BESTOWED HIM, IN THIS CASE.

{¶20}   Finally, appellant again asserts his innocence and attacks the state's evidence against him.

{¶21}   We will address all of appellant's assignments of error together.

{¶22}   A court shall only issue a writ of habeas corpus in certain extraordinary circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy.  *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994).  Habeas corpus is not to be used as a substitute for other forms of action, such as direct appeal.  *Adams v. Humphreys*, 27 Ohio St.3d 43, 500 N.E.2d 1373 (1986).

{¶23}   An application for a writ of habeas corpus shall include a copy of the commitment papers (i.e., sentencing judgment entries).  R.C. 2725.04(D).  The failure to attach copies of the commitment papers to the petition requires dismissal.  *Boyd v. Money*, 82 Ohio St.3d 388, 1998-Ohio-221, 696 N.E.2d 568 (1998).  A petitioner must attach *all* pertinent commitment papers.  *Hairston v. Seidner*, 88 Ohio St.3d 57, 2000-Ohio-271, 723 N.E.2d 575.

{¶24}   In this case, it is undisputed that appellant failed to attach a copy of the July 3, 2018 nunc pro tunc sentencing judgment.  On this basis alone, the trial court was authorized to dismiss his petition.

{¶25}   Moreover, habeas corpus is not a proper remedy for reviewing allegations of sentencing errors when that sentence was made by a court of proper jurisdiction.  *Wayne v. Bobby*, 7th Dist. Belmont No. 02 BE 72, 2003-Ohio-3882, ¶ 4, citing R.C. 2725.05.  Instead, direct appeal or postconviction relief is the proper avenue to address such alleged sentencing errors.  *Id.*

{¶26}   Despite his many arguments on appeal, in his petition for relief appellant's only argument was that his sentence was void because it did not contain the proper post-release control notifications.  This was an alleged sentencing error.  Appellant should have raised this issue on direct appeal or in a postconviction petition.  It is not a basis for relief in habeas corpus.

{¶27}   Additionally, pursuant to R.C. 2969.25(A), when an inmate commences a civil action against a government entity or employee, the inmate shall file with the court

an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit must include all of the following for each of those civil actions or appeals:

> (1) A brief description of the nature of the civil action or appeal;

> (2) The case name, case number, and the court in which the civil action or appeal was brought;

> (3) The name of each party to the civil action or appeal;

> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A).

{¶28} It is undisputed that appellant failed to attach an affidavit in compliance with R.C. 2969.25(A) to his petition for relief. "The provisions of R.C. 2969.25(A) are mandatory and failure to comply are grounds for dismissal." *State ex rel. Bristow v. Huffman*, 138 Ohio App.3d 500, 501, 2000-Ohio-2659, 741 N.E.2d 630 (7th Dist.). Thus, in addition to the reasons stated above, appellant's failure to comply with R.C. 2969.25(A) was another basis on which the trial court properly dismissed his petition.

{¶29} Accordingly, appellant's assignments of error are without merit and are overruled.

{¶30} For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.
D'Apolito, J., concurs.

Case No. 20 BE 0004

―――――――――――

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**