[Cite as *State v. Jones*, 2025-Ohio-1316.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

AARON L. JONES, SR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0088**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2006 CR 00095

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera*, and *Atty. Kristie M. Weibling*, Assistant Prosecutors, for Plaintiff-Appellee

*Aaron L. Jones, Sr.,* Pro se, Defendant-Appellant

Dated:  April 9, 2025

**WAITE, J.**

{¶1}   Appellant Aaron L. Jones, Sr. appeals a September 4, 2024 judgment entry of the Mahoning County Court of Common Pleas.  Filing *pro se,* Appellant challenges the trial court's decision to grant the state's motion to dismiss a petition the trial court converted into a postconviction petition.  Many of Appellant's arguments are incoherent and it is difficult to discern the exact issues he is attempting to raise in this appeal.  However, it appears that he attacks both his underlying conviction on speedy trial and sufficiency of the evidence grounds and his sentence following conviction.  Because Appellant's postconviction petition is untimely, successive, and raises arguments barred by *res judicata*, the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2}   The facts pertaining to Appellant's conviction and sentence have been recited several times by this Court.  The incident leading to Appellant's charges was triggered when Appellant's girlfriend ended their relationship.  Appellant and a codefendant broke into her house, and Appellant physically assaulted her and threatened her with a gun before leaving her residence, taking a large sum of money and prescription pills.  Appellant was convicted of one count of aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1), (C), and one count of aggravated burglary, a felony of the first degree in violation of R.C. 2911.11(A)(1), (B).  The trial court imposed an aggregate sentence of twenty years of incarceration.

{¶3}   This matter has a lengthy procedural history in both the trial court and on appeal.  Appellant filed a direct appeal of his convictions where he argued that they were not supported by sufficient evidence and were against the manifest weight of the

evidence. He also contended the trial court failed to provide certain curative instructions following defense objection, his speedy trial rights were violated, various errors occurred at sentencing, and that his counsel provided ineffective assistance. *State v. Jones*, 2008-Ohio-1541 (7th Dist.) ("*Jones I*"). This Court found no merit to Appellant's arguments and affirmed his convictions and sentence. Appellant filed a delayed appeal to the Ohio Supreme Court, which was denied. *State v. Jones*, 2008-Ohio-6166.

{¶4} Following Appellant's direct appeal, he has filed several postconviction motions. On January 5, 2007, Appellant filed a "Petition to Vacate or Set Aside Sentence" while his direct appeal was pending. In this motion, he raised sufficiency of the evidence and speedy trial arguments. On March 27, 2008, after *Jones I* was released, Appellant filed a motion for a new trial. These were denied and no appeals were taken.

{¶5} On July 23, 2008, Appellant filed a postconviction petition to "Set Aside or Vacate Judgment of Conviction or Sentence." In his petition he again asserted a speedy trial violation and an ineffective assistance of counsel claim. Two weeks later, Appellant filed an identical petition. The trial court denied both petitions and no appeal was taken.

{¶6} On February 25, 2009, Appellant filed a "Motion for Acquittal," claiming his convictions were not supported by sufficient evidence. The trial court denied this motion and no appeal was taken.

{¶7} On November 18, 2009, Appellant filed a "Motion for Void Judgment" where he argued that his indictment was defective. On December 28, 2009, Appellant filed a postconviction petition to "Set Aside or Vacate Judgment of Conviction or Sentence." On January 7, 2010, Appellant filed a second postconviction petition to "Set Aside or Vacate Judgment of Conviction or Sentence." The trial court denied all three filings. Appellant

appealed denial of his postconviction petition in *State v. Jones*, 2011-Ohio-1002 (7th Dist.). We affirmed the trial court, determining that Appellant's petition was both successive and untimely filed.

**{¶8}** On December 5, 2011, Appellant filed a "Motion to Correct Judgment and/or Vacate and Resentence Pursuant to H.B. 86." The trial court denied this motion and we affirmed in *State v. Jones*, 2014-Ohio-2592 (7th Dist.).

**{¶9}** On January 3, 2013, Appellant filed a "Motion for Resentencing." On March 4, 2013, he filed a "Motion to Have Trial Transcripts at State's Expense." Also on March 4, 2013, he filed "Leave to File a Delayed Motion for a New Trial." The trial court denied all three motions which were affirmed on appeal.

**{¶10}** On October 28, 2016, Appellant filed a "Pro Se Motion for Relief for Void Sentence VIA ORC 2967328(B) [sic]." On December 13, 2016, the trial court denied the motion. While his appeal of this decision was found to be without merit, the matter was remanded for the limited purpose of entering a *nunc pro tunc* entry to correct a postrelease control error.

**{¶11}** On January 8, 2018, Appellant filed a "Motion to Dismiss and Discharge." One month later, he filed a "Demand for Release Due to Wrongful Imprisonment." The trial court denied both motions.

**{¶12}** On July 3, 2018, the trial court issued a *nunc pro tunc* entry in accordance with this Court's remand from his October of 2016 motion. Appellant unsuccessfully appealed that entry. See *State v. Jones,* 2019-Ohio-2377 (7th Dist.). Appellant then unsuccessfully filed a motion for reconsideration of that Opinion in *State v. Jones,* 2019-Ohio-3340 (7th Dist.).

{¶13} On November 4, 2019, Appellant filed a *pro se* writ of habeas corpus in the trial court. The trial court's dismissal of this action was affirmed by this Court in *State ex rel. Jones v. Warden, Belmont County Correctional Institution,* 2021-Ohio-570 (7th Dist.).

{¶14} Appellant has also filed numerous actions in federal court and several appeals in the Ohio Supreme Court.

{¶15} Relevant to this appeal, on August 9, 2024, Appellant filed a "Petition for Relief from Judgment Petition to Speedy Trial Rights and Due Process Violations." On September 4, 2024, the trial court converted the filing into a postconviction petition and denied it as untimely and successive.

{¶16} We note that Appellant was granted transition control, which allows an offender to be released early from incarceration under closely monitored supervision. It appears that Appellant is scheduled to be released from incarceration on April 15, 2025. However, the matter is not moot, as Appellant will remain supervised on postrelease control for a six-month period after his release.

{¶17} While this appeal was pending, we were compelled to order Appellant to file a brief in this matter to prevent its dismissal due to the delinquent status of his brief. We gave Appellant until December 16, 2024 within which to file. Appellant's brief was filed a week after this deadline without an accompanying motion for leave. However, in the interest of justice, we accepted the brief.

Postconviction Petition

{¶18} A motion not specifically authorized under the Ohio Rules of Criminal Procedure is classified as a postconviction petition if "it is a motion that (1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights,

(3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Hudson*, 2017-Ohio-4280 ¶ 9, (7th Dist.), quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). It appears that Appellant's current filing meets this criteria, as it was filed subsequent to direct appeal, asserts a violation of a constitutional right, claims that his sentence is void, and asks for his sentence to be vacated.

{¶19} In order to successfully assert a postconviction petition, "the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction sufficient to render the conviction void or voidable under the Ohio or United States Constitutions." *State v. Agee*, 2016-Ohio-7183, ¶ 9 (7th Dist.), citing R.C. 2953.21(A)(1). The petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). Pursuant to R.C. 2953.21(C), the petitioner bears the burden of demonstrating "substantive grounds for relief" through the record or any supporting affidavits. However, as a postconviction petition does not provide a forum to relitigate issues that could have been raised on direct appeal, res judicata bars many claims. *Agee* at ¶ 10.

{¶20} The doctrine of *res judicata* "bars an individual from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal." *State v. Croom*, 2014-Ohio-5635, ¶ 7 (7th Dist.), citing *State v. Ishmail*, 67 Ohio St.2d 16, 18 (1981). However, where "an alleged constitutional error is supported by evidence that is de hors the record, *res judicata* will not bar the claim because it would have been impossible to fully litigate the claim on direct appeal." *State v. Green*, 2003-Ohio-5142, ¶ 21 (7th Dist.), citing *State v. Smith*, 125 Ohio App.3d 342, 348 (12th Dist.1997). To overcome the *res judicata* bar, the petitioner must demonstrate that the

claim could not have been appealed based on the original trial record. *Agee* at ¶ 11, citing *State v. Combs*, 100 Ohio App.3d 90, 97 (1st Dist.1994).

Timeliness

**{¶21}** R.C. 2953.21(A)(2) requires a petitioner to file his or her petition within one year after the trial transcripts are filed in the court of appeals. In relevant part, R.C. 2953.21(A)(2) mandates that a postconviction petition:

> [S]hall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.] . . . If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

**{¶22}** Ohio law provides a two-part exception to this rule if the petitioner can demonstrate that he or she meets the criteria found in R.C. 2953.23(A)(1)(a)-(b). Pursuant to R.C. 2953.23(A)(1)(a), the petitioner must either show the petitioner: "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, . . . the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

**{¶23}** This record reflects Appellant filed trial transcripts with this Court on December 14, 2006 and sentencing transcripts on August 16, 2007. Appellant filed his postconviction petition on August 9, 2024. Pursuant to R.C. 2953.21(A)(2), this petition

is untimely unless Appellant can show that his case falls within the exception provided by R.C. 2953.23(A)(1)(a)-(b). Appellant does not provide an explanation for his untimeliness. As such, the trial court correctly determined that Appellant's petition was untimely and his untimeliness was not excused pursuant to R.C. 2953.23(A)(1)(a)-(b).

{¶24} The law governing postconviction petitions clearly provides only two exceptions to the timeliness requirement: (1) a showing that Appellant was unavoidably prevented from discovering the fact on which he relies, or (2) that the United States Supreme Court created a new federal or state law that applies retroactively to Appellant. Neither of these exceptions have been met.

ASSIGNMENT OF ERROR NO. 1

TRIAL COURT ERRED IN NOT REMANDING APPELLANT JONES DUE TO UNCONSTITUTIONAL STATUTE BEING USED TO IMPOSE MAXIMUM CONSECUTIVE SENTENCE UPON INNOCENT DEFENDANT-APPELLANT JONES IN 2006.

ASSIGNMENT OF ERROR NO. 2

TRIAL COURT ERRED IN NOT ABIDING BY THE SPEEDY TRIAL MANDATE IN THIS MATTER.

ASSIGNMENT OF ERROR NO. 3

AARON L. JONES COMMITTED NO CRIME, AS TESTIFYIED (SIC) FROM THE ALLEGED VICTIM, IN January 30th Preliminary HEARING ( SEE TRANSCRITPS IN APPENDIX() [SIC].

## ASSIGNMENT OF ERROR NO. 4

TRIAL COURT DISREGARDED THE BLAKELY MANDATE IN IMPOSING MAXIMUM CONSECUTIVE SENTENCES, UPON THIS FIRST TIME OFFENDER, IN MR. AARON L. JONES, HIS FIRST TIME IN PRISON.

{¶25} While most of Appellant's arguments are either underdeveloped or undiscernible, he raises wide ranging arguments concerning procedural matters surrounding speedy trial mandates, the sufficiency of the evidence at trial, and sentencing concerns regarding postrelease control and the imposition of consecutive sentences.

{¶26} Each of these issues were raised on direct appeal and in various filings thereafter. Appellant's concerns related to his speedy trial rights were addressed in four of this Court's Opinions, including his direct appeal. We have already informed Appellant that this issue is barred by *res judicata.* In fact, we have also previously informed Appellant that his arguments regarding the sufficiency of the evidence and consecutive sentencing were likewise barred by *res judicata.*

{¶27} In addition, Appellant's postrelease control has been addressed in at least three of this Court's prior Opinions. While Appellant seems to take issue with the fact that after this Court remanded the matter for a *nunc pro tunc* entry concerning postrelease control notifications, he was not physically present when the trial court carried out our instructions on remand. In so doing, he fails to understand that no hearing on this issue was required. Instead, the matter was capable of being resolved through a *nunc pro tunc* entry, which is specifically what this Court ordered in its remand. In addition, it is clear that Appellant believes he was entitled to challenge his conviction and other aspects of

his sentence at this anticipated hearing, which is not permitted or appropriate when a matter is remanded for the limited purpose of addressing postrelease control notifications. As earlier explained, Appellant's untimely, successive petition is barred by *res judicata.* As such, each of his assignments are without merit and are overruled.

## Conclusion

**{¶28}** Appellant challenges both his underlying convictions and his ensuing sentence in his most recent postconviction filing. Because Appellant's postconviction petition is untimely, successive, and raises arguments barred by *res judicata*, the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**